## ROBERT WINN V. A. M. GILMER.

### No. 6908.

1. **Pleading—Evidence Under General Denial.**—While it is elementary that a party defendant can not avail himself of affirmative matter of defense not alleged, yet it is not true that all the facts introduced in evidence, and which may materially assist in supporting a defense or contribute to the establishment of one, are themselves affirmative matter of defense which must be set up. Nor does the rule prohibit the introduction under a general denial of evidence of facts which are merely tantamount to a general denial.

2. **Case in Judgment.** — Action upon a parol contract; defense, general denial. The plaintiff testified to the contract as alleged. The defendant denied, and further, in his testimony, over objection that it was not alleged, testified to an offer by him to plaintiff upon the subject matter but on different terms. *Held*, that it was not error to admit the testimony. See facts.

APPEAL from Kerr. Tried below before Hon. T. M. Paschal.

The opinion states the case.

*A. J. Evans* and *F. L. Price*, for appellant.—A party defendant can not at the trial avail himself of an affirmative matter of defense which he has not alleged and set out in his pleadings. The evidence must be confined to the issues made by the pleadings. Smith v. Sherwood. 2

Texas, 462; Rivers v. Foote, 11 Texas, 662; Guess v. Lubbock, 5 Texas, 535, 536; Bank. Co. v. Stone, 49 Texas, 15; Ins. Co. v. Davidge, 51 Texas, 244; Love v. McIntyre, 3 Texas, 12; Marley v. McAnelly, 17 Texas, 660.

No brief for appellee reached the Reporter.

HOBBY, PRESIDING JUDGE, *Section A.*—The plaintiff in the lower court, who is the appellant in this, brought suit against the defendant A. M. Gilmer to recover $3500 and interest for the alleged breach of a verbal contract. The plaintiff alleged that the defendant, who was the owner of a large ranch and flock of sheep, promised and contracted to pay to the plaintiff the sum of $3000 if the plaintiff would procure a purchaser for said property; that he also on the 14th of June, 1884, entered into a contract of a similar character with one W. L. Cureton, by the terms of which he agreed to pay said Cureton the sum of $500 if he would find a purchaser for said property; that this latter claim Cureton for a valuable consideration had transferred to plaintiff. It is further alleged that the foregoing propositions were accepted by both Cureton and plaintiff, who succeeded in finding a purchaser for the property on August 14, 1884, and brought said purchaser Fawcett and defendant together; and that Gilmer, the defendant, sold the same to Fawcett for $40,000; but has failed to pay the $3500 as promised.

The defendant denied making the contract sued on, and denied having promised any sum to either of the parties as alleged. And further answered, that if he owed Cureton any sum of money he had adjusted it and settled the same by paying him $1000, which he accepted in satisfaction, etc.

There was a trial by jury, verdict rendered for the defendant, judgment was entered therein, and this appeal is therefrom prosecuted by the plaintiff Winn.

The evidence was conflicting, that of the appellant establishing substantially the material averments of his petition, while the defendant's testimony sustained his denial.

During the trial the defendant Gilmer testified over the objections of the plaintiff's counsel that he proposed on one occasion to the plaintiff that if he, the plaintiff, would furnish a purchaser for the ranch of defendant and the other property for the sum of $42,500 or more, that plaintiff could have all in excess of that sum for which the property sold, as compensation for finding a purchaser. But that if the property sold for a less sum than $42,500 the plaintiff would receive nothing. The objection to this testimony was that the defendant had set up no such fact or facts in his answer. The objections were overruled and the evidence admitted. This action of the court is assigned as error.

Appellant's proposition under this assignment is that "a party defendant can not avail himself of an affirmative matter of defense not alleged and set out in his pleadings."

The foregoing rule is elementary, and perhaps no other principle has been more repeatedly recognized or is more familiar. But it is very far from being true that all the facts introduced in evidence and which may materially assist in supporting a defense or contribute to the establishment of one are themselves affirmative matters of defense which must be set up. The practical effect of so holding is too apparent to require explanation. Neither does the rule above mentioned prohibit the introduction under a general denial of evidence of facts which are merely tantamount to a general denial.

It is argued that this testimony set up a contract as a defense which had not been pleaded in the answer. If it did, we can not see that it could have resulted in any injury to the plaintiff. The plaintiff sought a recovery not even in the alternative upon a quantum meruit, but only on the contract set out in his petition, the defendant's promise to pay $3500 for his services in procuring a purchaser of his ranch, and which services he alleges the performance of, resulting in a sale of the ranch to said purchaser for the sum of $40,000 by the defendant. It is obvious that proof that the defendant agreed to pay plaintiff all in excess of $42,500 he might sell the ranch for would not prevent a recovery by plaintiff if he satisfied the jury that the contract sued on was made. Hence, if this had been established by the defendant's testimony which is complained of it would afford no sort of defense to the cause of action. Constituting then as we believe no affirmative defense, it was not essential to be alleged by the defendant. It may be classed with that character of testimony or facts that exercise a marked influence in favor of the defendant's evidence denying the contract sued on, and it may, being believed, largely influence the jury in crediting the denial, and thus control the verdict. But this may be equally true of many matters testified to explanatory of a transaction, not necessary or proper to be alleged.

It is not objected to because it was irrelevant, and if this objection had been made it could scarcely be held to be so, in view of the fact that the plaintiff himself had testified that the defendant did make substantially such an offer to him, which he rejected immediately. We do not regard the evidence as in the nature of a confession and avoidance of the cause of action, or as new affirmative matter of defense. If the plaintiff had recovered on the contract alleged in his petition he could not, with reason, have attributed the recovery in any degree to his own testimony that the defendant offered him all in excess of $42,500 for which the ranch might sell; because this was not the contract upon which he sought to recover, and it would have been wholly immaterial what offer or other contract might have been made.

So too on the other hand it can not be claimed that his recovery was in any manner defeated by this evidence of the defendant, because this was not the contract the defendant sought to defeat or was defending against. Plaintiff failed to recover because the defendant's evidence denying the contract sued on, and which was his defense, was not overcome to the satisfaction of the jury. That the jury may have been measurably influenced by the evidence complained of may be true, but it must be remembered that this must be frequently so with much evidence introduced by either or both parties not, as before stated, proper to be pleaded because not an affirmative defense, yet an important factor in supporting one. In this case it is to be observed that the plaintiff had the opportunity to derive the same advantage from this testimony that the defendant is supposed to have had.

We think the judgment should be affirmed.

*Affirmed.*

Adopted June 9, 1891.