GOODWIN v. BIDDY et al.

(Court of Civil Appeals of Texas. Amarillo. May 25, 1912.)

1. APPEAL AND ERROR (§ 692*)—REVIEW—ADMISSION OF TESTIMONY.

The overruling of an objection to a question asked a witness is not reviewable, where the bill of exception does not disclose what the answer was.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

2. CONTRACTS (§ 346*)—GENERAL ISSUE—ADMISSIBILITY OF EVIDENCE.

In an action for compensation for services rendered under a specific contract, defendant was entitled to show, under the general issue, a different contract, as well as abandonment of the original contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

3. TRIAL (§ 203*)—INSTRUCTIONS—CONTENTS.

In instructing, it is proper to define the issues as disclosed by the pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

4. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTIONS.

Any error in an instruction which stated that a specified amount should be deducted from any amount awarded plaintiffs was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

5. CONTRACTS (§ 353*) — WELL-DRILLING CONTRACTS—INSTRUCTION.

In an action for compensation under a well-drilling contract, it was proper to instruct that, if plaintiffs drilled the well according to the contract, and defendant was present and consented to the work, he would not be entitled to any damages for breach of

the contract, where plaintiffs claimed that after the well was sunk 180 feet defendant agreed to pay a specified sum for the work done.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 93, 1829–1844; Dec. Dig. § 353.*]

6. COSTS (§ 231*)—COSTS ON INTERMEDIATE APPEAL.

Under Sayles' Ann. Civ. St. 1897, art. 1436, costs of the county court are improperly awarded against one appealing from a judgment of a justice court, where the amount recovered against him in the county court is less than that awarded in the justice court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 847, 852, 853, 855, 872–875; Dec. Dig. § 231.*]

7. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CAUSE — REFORMATION OF JUDGMENT.

Error of the county court in awarding costs in plaintiffs' favor, where the principal amount recovered was less than that awarded by a judgment of the justice court from which defendant appealed, does not require a reversal in the Court of Civil Appeals; judgment being properly rendered, awarding the costs of the justice court against appellant, and the costs of the county court and of the Court of Civil Appeals against appellees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by J. H. Biddy and another against D. A. Goodwin. From a judgment of the county court in plaintiffs' favor on appeal from a judgment of the justice court, defendant appeals. Reformed and affirmed.

Browne & Warlick, of Paducah, for appellant. Whatley & Hawkins, of Paducah, for appellees.

HALL, J. This cause originated in the justice court of Cottle county, being a suit upon a contract to drill a well upon the premises of appellant. Appellees (plaintiffs in the justice court) alleged that they were to do the drilling at 50 cents per foot for the first 100 feet and 75 cents per foot for the next 100 feet, and so on; that they drilled 180 feet, for which appellant agreed to pay them the sum of $110.

Appellant answered by general denial, and alleged a contract to have been made between the parties, whereby appellees were to drill and case a well with plenty of water, and, if not to the satisfaction of appellant, appellees were not to have one cent for their work; that they were to go as deep as 400 feet, unless plenty of water was secured before that depth was reached. He alleged an abandonment of the well by appellees and noncompliance with the contract, and that he was compelled to employ other drillers to finish the well.

[1] Appellees recovered judgment in the justice court for $110, which, on appeal to the county court, resulted in a judgment in their favor for $75 and all costs of suit.

The second assignment of error is based upon the action of the learned trial judge in overruling appellant's objection to this question: "Just state, Mr. Biddy, why you did not go on and drill deeper when Mr. Goodwin requested you to." The bill of exception does not disclose what the answer of the witness was, and without such answer we are not able to determine whether or not the action of the court was prejudicial. Fields v. Haley, 52 S. W. 115; Styles v. Gray, 10 Tex. 507; G., C. & S. F. Ry. Co. v. Day, 22 S. W. 772; G., C. & S. F. Ry. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608.

[2] The third assignment of error complains of the refusal of the court to give a special charge, based upon the contract set up by the appellant; and the fourth assignment complains of the alleged error of the court in refusing a special instruction, based upon the allegation in appellant's answer that appellees had abandoned the contract before the well was completed. This being a suit upon a specific contract, and containing the allegation that after the well had been dug to the depth of 180 feet Goodwin had agreed to pay the amount sued for, we think, under the general issue, appellant could have introduced evidence showing a different contract than the one declared upon, as well as an abandonment of the original contract; and it was not necessary for special pleas setting up such matters. Proof that a different contract than the one alleged had been made was tantamount to proof that the contract, as set up in plaintiff's cause of action, had never been entered into by the parties. Since appellant was not required to plead such matters, it would have been improper for the court to give the special charges asked. Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058.

[3, 4] The fifth assignment insists that the court erred in the second paragraph of the charge, wherein it is stated "that said amount of $60 be deducted from any amount the jury find for the plaintiffs on their contract." It is proper for the court, in his charge, to define the issues as disclosed by the pleadings, and the language complained of is in that portion of the charge. The pleadings themselves do not appear in the transcript, but instead there is an agreement as to what the pleadings contain, made and filed under article 1414, Sayles' Civil Statutes. This agreement does not give the substance of the prayer of plaintiffs' petition, and the quoted language was evidently a part of the prayer. If the court erred in this particular, it was an error in favor of appellant, and he cannot be heard to complain in this court.

[5] The sixth assignment of error is to a portion of the fourth paragraph of the court's main charge, wherein the jury is instructed that, if appellees did drill the well

according to contract, and the jury should find that appellant was present and did not object to said work, but consented and acquiesced in the same, then that appellant would not be entitled to any damages for the breach of the contract, and to find for plaintiffs, the same as though they carried out their contract according to the terms of the same. This portion of the charge is evidently based upon that allegation in the pleading that when the well had reached the depth of 180 feet the defendant agreed to pay them the sum of $110 for the work done. This paragraph of the charge, when considered in connection with the whole charge, was a correct presentation of the law of the case; and this assignment is overruled.

[6, 7] Appellant's first assignment is to the judgment of the court, in so far as it taxes the costs of the county court against appellant, and must be sustained. Sayles' Statutes, art. 1436. This error, however, will not require a reversal of the cause. Reference to the record shows that the matter was called to the attention of the trial court in a motion for a new trial, and there is nothing in the record that shows a reason for taxing the costs, other than as required by said article. Under this condition of the record, the costs of the county court and of this court are here taxed against the appellees, and the costs of the justice court are taxed against the appellant. American Express Co. v. Adams, 92 S. W. 1039. The judgment of the county court, as herein reformed, is affirmed.

Reformed and affirmed.