### COX v. GARROW et al.

(Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1913. Rehearing Denied
Jan. 15, 1914.)

1. JUDGMENT (§ 251*) — CONFORMITY TO IS-
SUES—CROSS-COMPLAINT—GENERAL DENIAL.

Where cross-complainant, in trespass to
try title, claiming an undivided interest, relied
on the theory that a conveyance to the defend-
ant in the cross-action was in trust, such defend-
ant, having pleaded only the general issue, was
not entitled to an affirmative judgment for an
interest in the land, as against cross-complain-
ant, based on his purchasing at a specific price
and thereby obtaining a specific interest.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. § 437; Dec. Dig. § 251.*]

2. VENDOR AND PURCHASER (§ 79*) — CON-
STRUCTION OF CONTRACT — CONDITIONS —
RIGHTS OF PARTIES.

Where a grantor conveyed land in consid-
eration of the grantee's advancing a specified
sum in cash and paying a specified sum annual-
ly for five years, and any additional amounts
necessary for the grantor, and in further con-
sideration of the grantee undertaking to clear
the title and sell the property and receive for
his compensation a half of the net proceeds, 
the grantee, to secure a vested interest, must
undertake to clear the title, pay the money, and
sell the land, and, where he merely paid part
of the money, he was not entitled to judgment
giving him a substantial interest in the land.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 7, 8, 127–131; Dec.
Dig. § 79.*]

Appeal from District Court, Harris Coun-
ty; Chas. E. Ashe, Judge.

Action by J. W. Garrow and others against
J. Wade Cox and others. From a judgment
for plaintiffs against all of the defendants
and in favor of defendant Pruett against de-
fendant J. Wade Cox, the latter appeals.
Affirmed.

W. O. Huggins and Daniel E. Garrett, both
of Houston, for appellant. Hunt, Myer &
Teagle and Lewis, Kinnard & Norton, all of
Houston, for appellees.

HARPER, C. J. This suit was instituted
by J. W. Garrow and others, heirs of John
T. Brady, deceased, in form of trespass to try
title to 18.41 acres of land, against Frank
Taylor, Dorothea Eggert, Emma Pruett, and
J. Wade Cox.

Defendant Cox answered by plea of not
guilty, general denial, an assertion of title
to the land described in plaintiff's petition,
pleaded ten years' statute of limitation, and
that if plaintiffs should recover the 18.41
acres sued for, or any part thereof, that he
have judgment upon covenant of warranty in
and from defendant Pruett to him.

Defendant Eggert pleaded general denial,
not guilty, asserted title to one half interest
in land sued for, and admitted that defend-
ant Pruett owned the other half of the 18.41
acres and all of the 50 acres lying north
of the land described in plaintiffs' petition.

Defendant Pruett answered by general de-
nial, not guilty, and, by way of cross-action
against defendant Cox, alleged that her
father, Christian Eggert, purchased from W.
R. Baker 50 acres of land, being a part of
the league originally granted to P. W. Rose,
as shown by deed to said Eggert from said
Baker, of date May 19, 1858, recorded in
Book U, pp. 136 and 137, of the Deed Records
of Harris county, Tex., here referred to;
that Christian Eggert afterward purchased
the same tract of land from A. H. Hodge
and afterward with his family occupied said
50 acres of land, together with about 18
acres situated next to and adjoining said
50 acres on the south, as a home for a period
of about 34 years, "possession and occupancy,
being the basis of his claim to all but the
50-acre tract"; that about 20 years ago said
Christian Eggert moved with his family to
Houston, and since said time said land has
been occupied by tenants of the defendant
Pruett and Eggert; that some time in 1896
"Christian Eggert died intestate, leaving said
land to the defendant Pruett"; that in Octo-
ber, 1896, the defendant Eggert conveyed to
the defendant Pruett her interest in said
50 acres of land; that appellant Cox pro-
posed to her that if she would place the
title to said land in his name, and he would
supply and advance to her $500 in cash and
$500 each year for five years, together with
such additional amounts as she might need,
and he would undertake to "clear" the limita-
tion title to said 18 acres of land, paying
all expenses incident thereto, and at some
favorable opportunity sell all of the land
and as his compensation for this, he was to
receive one-half of the net proceeds of such
sale; that she accepted said proposal and
executed an instrument which she understood
to be intended to carry the same into effect,
and appellant advanced to her $500 in cash
and executed notes payable in five annual
installments for $500 each representing the
balance; that afterward appellant paid the
first three of said notes when they became
due; that appellant made no effort to per-
fect the title to said 18 acres of land and
performed no part of his said undertaking,
except to pay said three notes; that, after
this suit was filed, appellant repudiated said
agreement, whereupon the defendant Pruett
rescinded same and tendered to appellant the
sums which had been advanced to her inci-
dent to same and presented to appellant a
deed to be executed by him, reconveying the
title to her, which he refused to sign. She
prayed for title to the land as against ap-
pellant and a cancellation of the deed and
notes, upon the return by her to appellant
of the amounts advanced, or upon such terms
as should be found equitable, and for gen-
eral relief. To this plea of defendant Pru-
ett, Cox answered by general denial.

Tried before jury, verdict in favor of
plaintiffs for the 18.41 acres against all of
the defendants, and in favor of defendant
Pruett against J. Wade Cox for the 50-acre

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tract, canceling the deed from Pruett to Cox and the vendor's lien notes incident thereto upon the repayment by Pruett to Cox the moneys advanced.

Appellant's first and second assignments of error complain that the court erred in not instructing a verdict for appellant against defendant or appellee Pruett; his proposition being that the verdict is against such a preponderance of the evidence that it is proper that this case be reversed and remanded. The evidence is sufficient to sustain the verdict of the jury.

Appellant's third assignment is as follows: "The court erred in giving in charge to the jury the third paragraph of his charge, which is as follows: 'If you believe from the evidence that the instrument executed by Mrs. Emma Pruett to the defendant J. Wade Cox of date October 26, 1908, which on its face is a deed from the said Mrs. Pruett to the said Cox, was intended by the parties thereto as a deed of trust, for the purpose of carrying out the alleged objects and intentions of the parties thereto, as stated by Mrs. Pruett in her cross-bill herein against the defendant Cox, and that thereafter the defendant Cox repudiated and denied said trust and agreement, if any, as alleged, then, if you so find these facts, you are charged that said trust would terminate, and the title to said land would not pass from Mrs. Pruett to the defendant Cox, and that the said Mrs. Emma Pruett would be entitled to recover from the defendant Cox the title to all of the land described and purported to be conveyed therein, and to judgment canceling the said deed, and that in such event the defendant Cox would be entitled to judgment against the said Mrs. Pruett for all moneys paid by him to her in said transaction, with 6 per cent. interest per annum from the date of the respective payments up to the 8th day of March, 1912, and the said Cox would also be entitled to judgment canceling the two unpaid vendor's lien notes held by Mrs. Pruett. If, on the other hand, you should not believe from the evidence that said instrument was executed in pursuance of the trust agreement alleged, then you are instructed that said instrument would convey all of the right, title, and interest of the said Mrs. Emma Pruett to the land described therein, subject to a lien in her favor for the two unpaid purchase-money notes.'" His proposition being that, assuming the theory advanced by defendant Pruett to be that the land was simply conveyed in trust, Cox bought at a specific price a specific interest in the land to which he now has the legal and equitable title.

[1] The only pleading filed by the appellant, Cox, in answer to the allegations of Eggert and Pruett, is a general denial. This would be sufficient to permit evidence to be introduced but would not support an affirmative judgment for an interest in the land as against defendant Pruett, even though the facts would support such an interest. Winn v. Gilmore, 81 Tex. 345, 16 S. W. 1058; Rivers v. Foot, 11 Tex. 662; Guess v. Lubbock, 5 Tex. 535.

[2] The defendant Pruett pleaded that the title to the land was placed in the name of Cox for the following consideration and purposes, viz., he to advance $500 in cash and $500 each year for five years thereafter and any additional amounts she might need, he to undertake to clear the title to the limitation title to the 18 acres, pay all expenses incident thereto, and at some favorable opportunity sell all of the land, and as his compensation for all this he was to receive one-half of the net proceeds of such sale.

Now, in order for Cox to secure the vested interest (aside from the pleading necessary), he must have undertaken to clear the limitation title to the 18 acres, pay the moneys, and sell all of the land; according to the pleading and evidence he did attempt to clear the title to the 18 acres, but in himself. He paid some of the money, but for himself (i. e., that he have the fee-simple title to all the land), thus asserting that he will not undertake to do the last and most important part, sell the land, and divide the amount it might bring over the sums paid by him to his codefendant, and then asks this court to find that this is a compliance of a condition subsequent which gives him a substantial interest in the land in controversy.

The assignment is overruled, and, since the other assignments urge the same proposition in one form or another, they are also overruled without further comment.

Affirmed.