**J. M. RADFORD GROCERY CO. v. NOYES.**
(No. 6388.)

(Court of Civil Appeals of Texas. Austin. June 29, 1921.)

**I. Landlord and tenant ⬳83(I)—Contract for renewal held not to have existed.**

Where a tenant negotiating for leasing of a building for another year prepared duplicate contracts and presented them to the landlord for his acceptance, and the landlord refused to accept the proposed contract without provision therein for six months' notice by tenant of intention to renew for the subsequent year, and both contracts remained in the possession of the landlord and his agents, and the duplicate was never delivered to the tenant, who was never notified that the proposed agreement was acceptable to the landlord, who refused to accept it unless the stipulation was placed therein, no contract for the renewal tenancy ever existed between the parties.

**2. Appeal and error ⬳662(4)—Statement of facts cannot be impeached by Court of Civil Appeals.**

The Court of Civil Appeals cannot impeach the truth of the statement of facts agreed upon by the parties and signed by the judge, though it may be looked to in connection with the bill of exceptions in construing the latter.

**3. Appeal and error ⬳664(4)—Court of Civil Appeals cannot give effect to recitals in qualification of bill of exception contradictory of approved statement of facts.**

Where, from the state of the record, the Court of Civil Appeals cannot tell which is a true recital of the facts, the approved statement of facts, or the trial court's qualification to a bill of exception, in so far as such facts may be important, the Court of Civil Appeals cannot give effect to the recitals in the qualification of the bill.

**4. Evidence ⬳429—Testimony not inadmissible as varying contract of tenancy.**

In an action for rent of business premises, testimony supporting defendant tenant's answer that, though it prepared duplicate contracts for a renewed term, such contracts were refused by plaintiff landlord as prepared, etc., *held* not inadmissible as an attempt to vary a written contract, going to show there was never any meeting of the minds of the parties, and therefore no contract.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by Gus Noyes against the J. M. Radford Grocery Company. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

Davidson & Hickman, of Abilene, for appellant.

BRADY, J. Appellee sued appellant for the recovery of $600, as one year's rental of certain business premises in the town of Ballinger, Tex. The petition declared upon a written lease contract, alleged to have been entered into on the 5th day of December, 1917, for the period of one year beginning February 1, 1918. In addition to general demurrer and general denial, appellant defended upon substantially these grounds: That during the year 1917 it had occupied the premises as a tenant of appellee; that in the latter part of 1917 it began negotiations with appellee for the leasing of the building for 1918; that it prepared duplicate contracts and had the same presented to appellee at Ballinger, for his signature and acceptance, with instructions that duplicate copy be returned to it upon execution by appellee; that appellee refused to execute and accept the proposed contract as prepared and presented by appellant, unless a provision should be placed therein that appellant would give appellee six months' notice of its intention to exercise a certain option in such agreement for the renting of the premises for the year 1919; that both contracts remained in the possession of appellee and his agents, and a duplicate copy was never delivered to appellant, who was never notified

that the proposed agreement was acceptable to appellee, but, on the contrary, that appellee refused to accept the proposed agreement unless such stipulation was placed therein, for which reason no contract ever existed between the parties. This plea was duly verified.

The court gave a peremptory instruction to the jury to find for appellee for the amount sued for, with interest.

[1] The questions raised on this appeal relate to the ruling and action of the trial court in refusing to permit certain witnesses to testify to facts which substantially would have made out the defenses above indicated, in accordance with the theory of appellant. In our opinion, the facts pleaded in the verified answer constituted a good defense to appellee's suit; therefore, if the testimony which was rejected was admissible to establish the defenses, it was reversible error to refuse to permit the witnesses to so testify, and to exclude such testimony from the jury. The bill of exception discloses that appellant offered the testimony of the witnesses, R. G. Erwin, C. W. Gill, and F. H. Smith, to the effect that there was never any execution or delivery of the contracts, but that the appellee had delivered the same to his agent, Mr. Erwin, with instructions not to deliver them to appellant, nor permit the same to become effective as a contract unless and until a clause should be inserted in the agreement, providing for at least six months' notice of the intention of appellant to exercise the option contained in the contract. The bill further shows that the witnesses Gill and Smith, if permitted by the court, would have testified to the effect stated, but that appellee objected to this testimony, because it was an attempt to vary the terms of the written contract by parol testimony. This specific objection was sustained, and the testimony excluded from the jury.

In qualifying the bill of exception, the trial court made substantially this explanation: That Mr. Erwin had testified that he, as agent for appellee, received the contract from appellant, the original copy having already been signed by it; that he presented same to appellee, who signed it, stating at the time that he wanted a clause inserted requiring 60 days' notice by appellant of its intention to exercise the option, instead of 6 months, as pleaded and as claimed by appellant, but that appellee further stated to Mr. Erwin that, if appellant was not agreeable to the clause being inserted as stated, to deliver the contract regardless of such clause; that Mr. Erwin notified Mr. Smith, the agent of appellant, that the contract was there, that it had been signed by appellee, and was ready for delivery. The explanation further states that Mr. Smith also testified that Mr. Erwin had notified him that the contract was signed by appellee and was ready for delivery. The trial judge attached a copy of the lease to the bill, and specifically refers this court to the testimony of Mr. Erwin concerning the contract.

It appears that the statement of facts does not support the bill of exception in certain particulars which may be important. The statement of facts is in the usual form, is signed by counsel for both parties, and approved by the trial judge. It purports to be a statement of all the facts proven upon the trial. The testimony of Mr. Erwin, as disclosed by the statement of facts, does not show the specific instructions from appellee to Mr. Erwin, as stated in the bill of exception, but merely shows that, at the time Mr. Noyes signed the lease contract, he gave Mr. Erwin "instructions with reference to the contract." Furthermore, the statement of facts does not contain any testimony given by Mr. Smith, the agent of appellant. Apparently his entire testimony was rejected.

[2, 3] Under the principles announced in Wiseman v. Baylor, 69 Tex. 63, 6 S. W. 743, and Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780, we cannot impeach the truth of the statement of facts, agreed upon by the parties and signed by the judge, although it may be looked to in connection with the bill of exception in construing the latter. From the state of the record here, we cannot tell which is the true recital of the facts—the approved statement of facts, or the recital in the court's qualification to the bill of exception; therefore, in so far as these facts may be important, we cannot give effect to the recitals in the qualification to the bill. Especially do we think this since the trial judge has specifically referred us to the statement of facts for the testimony.

It is fairly disclosed, however, from the bill of exception itself, that the trial court refused to permit the testimony in question, and excluded it from the jury, upon the theory that, the lease contract having been signed by the parties, and the agents for both having testified that Mr. Erwin had notified appellant's agent that the contract was signed and ready for delivery, the testimony would be inadmissible as being an attempt to vary a written contract.

[4] With this view we are unable to agree. The defenses urged did not question the fact that the parties had signed the written instrument, but the claim was that there was never any delivery of the same unconditionally and according to the proposal of appellant; in other words, it was claimed that there was never any meeting of the minds of the parties, and therefore no contract. The testimony excluded tended to establish this theory. If the testimony had been admitted, and the jury had accepted the facts as established, it is clear to us that there would have been a perfect defense. The effect of this testimony would not have been to vary a written contract, but to establish the conclusion that the contract was never consum-

mated. If there was no meeting of the minds, and no completed contract, how could the testimony vary the terms of a written contract? The answer appears obvious.

As we have indicated, the court erred in refusing to permit the witnesses to testify to the facts shown in the bill of exception, and in excluding the same from the consideration of the jury, and therefore in peremptorily instructing a verdict for appellee. For this error the judgment will be reversed, and the cause remanded.

Reversed and remanded.