**STRACK v. STRONG.**

No. 10639.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 30, 1939.

Rehearing Denied Jan. 24, 1940.

Ward & Brown and Seale & Wood, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

MURRAY, Justice.

This is the second appeal to this Court of this cause. Our opinion on the first appeal is to be found in 114 S.W.2d 313, to which reference is here made for all pertinent purposes.

This suit was originally instituted by appellee, Strong, against appellant, Strack, seeking to cancel a joint adventure contract, whereby Strong agreed to furnish money and Strack skill and labor in acquiring oil and gas leases on land in Nueces County, and adjoining counties, and further to recover from Strack certain sums of money alleged to have been appropriated by Strack to his own use. It was alleged that Strack had breached the contract on or about December 4, 1935, and that therefore Strong was entitled to a cancellation of the same. For the reasons stated in our original opinion the judgment was reversed and the cause remanded for a new trial.

On the present trial the cause was tried upon the theory that the contract between Strong and Strack was terminated by an agreement signed on November 4, 1935, Strong contending that thereafter he became the equitable owner of all the leases and mineral rights purchased in pursuance to their joint adventure by reason of the fact that he had furnished the money to pay all cash bonuses paid for such leases and mineral rights, while Strack contends that their joint adventure agreement was that they were each to have a one-half interest in all such leases and mineral rights and, further, he having furnished his skill and ability in securing these leases was thereby entitled to a one-half interest in the same.

The trial below was to a jury, who found, among other things, in answer to special issue No. 47, that Strong and Strack were to be joint owners of all leases and other mineral rights acquired by them under their joint adventure agreement. The trial court disregarded this finding and entered judgment decreeing to Strong the

title and possession of all the leases and other mineral rights.

■ It is clear that if there is sufficient evidence to support the jury's answer to special issue No. 47, the trial court should have not have disregarded such finding and should have entered judgment declaring Strong and Strack to be joint owners of such leases and other mineral rights.

An examination of the record shows that Strong and Strack, together with C. W. Skipper, had been buying leases before a written contract had been entered into. On September 7, 1935, the three parties entered into the following written contract, to-wit:

"Corpus Christi, Texas
"September 7th, 1935.

"This agreement made and entered into the 7th day of September, 1935, by and between Walter Strack, H. T. Strong and C. W. Skipper.

"That Walter Strack agrees and pledges himself, in consideration for moneys advanced prior to the above date and for any money that may be advanced subsequent to the above date, by H. T. Strong and C. W. Skipper, for personal expense, or expense incurred in securing of leases, and royalties, or options to drill and develop lands in Nueces County and adjoining Counties, that in the closing of any deal by the sale of any of the above-mentioned leases royalties or options that have been secured or that may be secured, that all moneys advanced by H. T. Strong and C. W. Skipper shall first be returned and that any profit recurring thereafter from any sale or trade, or drilling contract on any of the above mentioned leases, royalties or options; that C. W. Skipper and H. T. Strong shall each receive a one-third interest in same.

"It is further understood and agreed that no other parties have any interest in this agreement, or will be invited to participate unless agreeable to each of the above named parties.

"It is further understood and agreed that neither will be held responsible for any personal obligations or debts contracted by either of the parties of this agreement which is not incurred in the prosecution of the work covering this agreement.

"(Signed)   C. W. Skipper
"H. T. Strong
"Walter Strack."

C. W. Skipper did not furnish the money required of him under the above contract and was by the parties released of his obligations under the contract, and the enterprise continued as a joint adventure between Strong and Strack.

On November 4, 1935, Strong and Strack executed the following agreement, to-wit:

"Corpus Christi, Texas
"————Nov. 1935.

"This agreement made and entered into this the 4th day of November, 1935, by and between H. T. Strong and Walter Strack, both of Corpus Christi, Texas.

"That we, the undersigned H. T. Strong and Walter Strack, shall and do hereby own jointly leases, contracts for leases and options, Oil Payments, royalties, and that all profits arriving therefrom shall be divided on a 50-50 basis, and same shall mean an undivided onehalf interest in and to all oil payments and production that we may acquire or have contracted for in Nueces County and adjoining Counties.

"This agreement shall include royalties on Gas and any contract where there is an outlet for wholesale Gas contracts.

"(Signed)   H. T. Strong
"Walter Strack."

On November 4, 1935, and after the execution of the agreement next above set forth, all three of said parties executed the following cancellation agreement, to-wit:

"Corpus Christi, Texas
"November 4th, 1935
"Cancellation of Agreement

"It is hereby agreed by and between H. T. Strong, C. W. Skipper and Walter Strack, to cancel any and all agreements made in writing or otherwise prior to this date relative to Oil and Gas leases, drilling of Oil wells, drilling contracts royalties etc. or any other agreement as to Oil Developments of any nature what-so-ever, is hereby canceled and of no further force and effect, and that neither of the parties hereto shall have any claim against each other of any nature what-so-ever.

"It is further agreed and understood that should any agreement be made by or between the parties hereto after date of this agreement, same shall be made in writing and specifically set out the terms and interests each shall receive.

"It is mutually agreed between the parties hereto that neither shall interfere with

the operation of the other, and that each and every one shall be free to buy, sell, develop or carry on in the above mentioned Oil Development or leasing as he sees fit, and that no further claim shall be made by either of the parties hereto against one and other.

"H. T. Strong

"Walter Strack

"C. W. Skipper"

On December 18, 1935, Strong had prepared an agreement setting forth the exact interest of the two parties as he then understood the matter, but it was never executed. This unsigned contract reads as follows:

"Know all men by these presents that, on this the 18th day of December, 1935, H. T. Strong and Walter Strack, both of whom reside in Corpus Christi, Nueces County, Texas, have entered into this agreement for the purpose of definitely establishing the rights and interests of the parties in the oil, gas and mineral leases hereinafter mentioned.

"It is agreed that H. T. Strong has heretofore furnished all of the money invested in the hereinafter mentioned leases and that Walter Strack has obtained and negotiated for such leases, all taken in his name, with the understanding that the parties hereto shall, and do, own each an undivided one-half (½) interest in all of such leases herein named, etc."

Strong, in his original petition, alleged that the leases etc., were jointly owned, in the following language: "Prior to the 4th day of November, 1935, and since that date, this plaintiff furnished all the money necessary for the defendant to obtain certain oil and gas leases in Nueces County and surrounding counties, which said oil and gas leases were taken in the name of defendant, with the understanding that the parties, plaintiff and defendant, should each own an undivided one-half (½) interest in all such leases, options, oil payments, royalties or other mineral interest in any and all properties that were purchased or may have been obtained and taken in the name of Walter Strack, etc."

Strong in his First Amended Petition alleged an undivided one-half interest in all such leases, etc., in the following language: "Said oil and gas leases were purchased and taken in the name of the defendant under an agreement and understanding between the plaintiff and defendant, that after repaying to plaintiff the cost of the leases so obtained, plaintiff and defendant would each own an undivided one-half (½) interest in all such leases, etc."

However, after the case was reversed and remanded by this Court on the former appeal, a second amended petition was filed by Strong and his allegations of joint ownership were abandoned. The abandoned pleadings were offered in evidence and are again before us on this appeal.

We feel that under the evidence, as above set forth, the jury were supported by the evidence when they found in answer to Special Issue No. 47, that it was the agreement that the leases, etc., were to be owned jointly and in equal portions.

Appellant also contends that the finding of the jury is not supported by the pleadings. We overrule this contention. The proof was admissible under appellee's general denial. 10 Tex.Jur. p. 506; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co., Tex.Civ.App., 271 S.W. 145; Brodage v. Greenwood, Tex.Civ.App., 261 S.W. 433.

It is clear that under the agreement Strong is entitled to be reembursed for all money which he has advanced for the purchase of the oil leases, etc.

The record further shows that Strack secured the sum of $7,000 by entering into a contract concerning a number of leases which we have hereinabove, in effect, held were jointly owned by Strong and Strack. It follows that this $7,000 was also the joint property of the parties and that any additional leases purchased with this money would be the joint property of the parties. It further appears that Strack took $3,000 of the $7,000 and appropriated the same to his own use. Strack must account to Strong for the sum of $1,500, together with interest at the rate of 6% from December 4, 1935, until paid.

The judgment of the trial court will be reversed and judgment here rendered to the effect that Strong and Strack each own an undivided one-half interest in all the leases, mineral rights, etc., Strack's one-half to be charged with the repayment to Strong of the $2,865.40 which he has advanced and put into the joint adventure and the further sum of $1,500, together with interest from December 4, 1935, at the rate of 6% per annum, being the sum of

money belonging to Strong, which has been appropriated to his own use by Strack.

All other questions raised become immaterial in view of our above holdings.

Reversed and rendered.