## BAILEY et al. v. WILLEKE.
### No. 9482.

Court of Civil Appeals of Texas. Austin.
Jan. 24, 1945.

Rehearing Denied Feb. 21, 1945.

James P. Farrell, of San Angelo, for appellants.

Kerr & Gayer, of San Angelo, for appellee.

BLAIR, Justice.

Appellee, Doc Willeke, sued appellants, M. E. Bailey and R. H. Fenton, for the possession of about one-half acre of land described as being located on the right hand side of Highway No. 67, about four and one-half miles west of the City of San Angelo, Texas, and for possession of the building thereon in which appellants were operating a package store for the sale of whiskey. Appellants answered that they were in possession of the premises under a written contract between appellant Bailey and appellee, dated January 24, 1942, the material portions of which read as follows:

"This agreement entered into, this the twenty-fourth day of January, 1942, between Doc Willeke and M. E. Bailey that the part—of the first part leases to the party of the second part ½ acre more or less on the right hand side of the road on Highway No. 67, being 4⅗₀ miles from

the present incorporate limits of the City of San Angelo, Texas.

"The rental for this lease is Fifty Dollars and no cents monthly to be paid in advance monthly for first twelve months and Sixty-five Dollars thereafter, so long as conditions are favorable.

"This lease between both undersigned is for a period of eighteen months, with option of extension from year up to five years from date.

"It is further agreed that if the precinct should be declared out of limits for sale by a package store that this agreement be declared null and void."

Appellants alleged that they had exercised the option given by the contract to extend the lease contract for a period of five years from its date; and that having accepted the payment of monthly rentals after the expiration of the eighteen-month period, appellee was estopped to deny or terminate the lease.

Appellee denied under oath the execution of the contract, and in the alternative alleged that the contract was too indefinite and uncertain as to description of the leasehold and as to giving lessee an option to extend the time of the lease to constitute a binding contract. Appellee further alleged that he and appellant Bailey executed another written contract for the lease of the premises occupied by appellants, which became effective February 1, 1942, and terminated February 1, 1944, under its terms; and that he demanded possession of the premises when said lease expired, and filed this suit for possession on March 25, 1944. Appellants denied under oath the execution of such a two-year contract.

In answer to special issues the jury found in substance as follows:

1. That appellee signed and delivered to Bailey a lease contract for a period of two years beginning February 1, 1942, at a rental of $50 per month for the first twelve months, and $65 per month for the next twelve months.

2. That the reasonable rental value of the premises from February 1, 1944, to date was $100 per month.

3. That the written lease contract dated January 24, 1942, adduced in evidence was signed by appellee.

4. That said contract, dated January 24, 1942, did not authorize Bailey to extend the term to five years from its date at $65 per month.

Judgment was for appellee for possession of the premises and $175 damages, being the difference between the $65 monthly deposit to the credit of appellee in his bank and the $100 per month which the jury found to be the reasonable rental value of the property after February 1, 1944; hence this appeal.

The jury found in answer to special issues Nos. 1 and 3 that two contracts were executed by Willeke leasing or renting the premises to Bailey. The undisputed evidence showed, however, that the alleged two-year lease relied upon by appellee Willeke was executed prior to the one dated January 24, 1942, adduced in evidence, and relied upon by appellant Bailey. There was no dispute that the two agreements did not cover the same subject matter. The only difference was the claim that the first contract relied upon by appellee "was a straight two years lease," with an option to renew the lease "as long as they wanted to," or "as long as they renewed it." The second or last contract provided that it was "for a period of eighteen months, with option of extension from year up to five years from date." In consequence the first contract was merged into or was superseded by the later contract, which the jury found that appellee Willeke signed. Gibson & Johnson v. Ward, Tex.Civ.App., 35 S.W.2d 824; Hogan v. W. H. Norris Co., Tex.Civ.App., 90 S.W.2d 585; Gifford-Hill Co. v. Jones, Tex.Civ.App., 99 S.W.2d 656; 10 Tex.Jur. 366. The decision therefore turns upon the construction of the later contract to determine whether it gave the lessee the right to extend the term of the lease as claimed by appellants.

We construe the lease dated January 24, 1942, as giving the lessee an option to extend the term after the first eighteen months up to five years from the date of the lease. It provides that the rental is $50 per month for the first twelve months and $65 per month thereafter, "so long as conditions are favorable." Appellee neither alleged nor proved that conditions had become unfavorable within the meaning of the lease. Nor does the construction of the contract depend upon an interpretation of the clause, "so long as conditions are favorable," because the parties definitely stipulated in the next paragraph

that: "This lease between both undersigned is for a period of eighteen months, with option of extension from year up to five years from date."

The option to extend the lease was similar to those frequently found in lease contracts which have been construed as conferring on the lessee the right or option to have the lease continued for the period or term stipulated. J. M. Radford Grocery Co. v. Noyes, Tex.Civ.App., 233 S.W. 117. The recitation that the lease was "between both undersigned" did not make it one under which both parties had to agree to the extension of the term. Such language merely described the parties to the lease agreement. The lease clearly bound the lessee to take the premises for eighteen months, "with option of extension from year up to five years from date." In other words, lessee had the option to extend the term of the lease so as to make it one for five years instead of one for eighteen months.

In construing lease contracts the courts make a distinction between an option of renewal and an option of extension. They hold a provision for the extension of the term of a lease at the option of the lessee as being a present demise for the full term to which it may be extended, and not as being a privilege of renewal for the extended term. Hill v. Brown, Tex.Com.App., 237 S.W. 252; and Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, wherein it is held in substance that an option to extend the term of a lease operates itself to extend the term and becomes a present demise or grant of right to use the land for both the original and for the full term to which it may be extended. No question of notice to extend the lease is involved in the instant case, because the lease agreement does not provide for any notice of the exercise of the right to extend the term. Appellants remained in possession of the premises after the eighteen-month period, and continued to pay the $65 per month rental by depositing it in the bank to the credit of appellee, just as they had done from the beginning, for about six months before appellee demanded possession, and have continuously paid said amount into the bank to the credit of appellee.

The foregoing provision with respect to the option to extend the lease and the facts bring the instant case within the well considered holding of the case of Hall v. Willmering, Tex.Civ.App., 209 S.W. 226, 229, as follows: "In the lease contract containing such provisions for extension, no formal notice by the lessee of his election to exercise the option is required, his continued occupancy of the premises after the expiration of the term being sufficient indication of his election to extend the term for the additional time stipulated in the contract. Street-Whittington & Co. v. Sayres, Tex.Civ.App., 172 S.W. 775; Tiffany on Landlord and Tenant, § 222; Underhill on Landlord and Tenant."

The agreement in the Hall case, like the one in the instant case, did not provide for any notice as to the exercise of the option to extend the lease; and the court further held, as follows: "Under these circumstances we think that the parties did not contemplate that any notice by Willmering was necessary other than that imported from the continued exercise of the privilege at the end of three years, and this was all that was necessary to indicate his acceptance of the so-called option."

The facts show that the lease was of the half acre tract of land without improvements, and that lessee was to erect the building thereon in which to operate a package store for the sale of whiskey in the only wet precinct in Tom Green County. Lessee erected the building at a cost of $1,900, without any provision for its removal when the lease terminated. Appellee claimed the building and recovered it. The lease gave the lessee the option to extend up to five years from date. After the primary period ended, lessee remained in possession and paid the monthly installments of rent as they became due, which facts appellants pleaded in estoppel of lessor's right to terminate the lease because of any failure to give notice of intention to exercise the option to extend. Our foregoing holding is that no such notice was required; but, if so, the foregoing facts bring the instant case within the rule of the Jones-Gibbs case [133 Tex. 627, 130 S.W.2d 268], which holds, under similar facts, as follows: "When the grantee has exercised his option for the extension by making such payment, then the deed itself, as in the case of an ordinary lease of land giving to the lessee an option for extension of the term, operates to extend the term and becomes

a contract both for the original and for the extended term."

There is no merit to the contention that the lease is too indefinite and uncertain as to the description of the land to constitute a binding contract. There may have been some question to begin with as to where the building should be located, but that question is not now involved. Appellee caused the land to be fenced after the erection of the building, and had at the time of suit collected the monthly rentals for about twenty-six months. He and all parties knew exactly where the premises were, and had carried out the rental contract at that location for about three years at the time of the trial.

The contract was not ambiguous as to giving the lessee an option of extension of the lease up to five years from the date, and the fact that the jury found that it did not give such right is not controlling. The construction of the contract was for the court and not the jury.

The judgment of the trial court is set aside and judgment is here rendered for appellants for possession of the leased premises during the remainder of the extended term, provided they pay the rentals when due under the contract.

Reversed and rendered.