WARREN BROTHERS COMPANY,
Appellant,

v.

A. A. A. PIPE CLEANING
COMPANY, Appellee.

No. 16541.

Court of Civil Appeals of Texas,
Houston (1st Dist).

Oct. 23, 1975.

Rehearing Denied Nov. 20, 1975.

Prappas, Caldwell & Moncure, Brantly
Harris, Houston, for appellant.

Saccomanno, Clegg, Martin & Kipple, Maurice Bresenhan, Jr., Albert H. Wingate, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit for damages for breach of contract. After a trial to a jury the court entered judgment for the plaintiff and the defendant appeals. The case is reversed and remanded.

The plaintiff alleges a written contract with the defendant and that pursuant to such contract it rendered certain services for which it has not been paid. The case was dismissed by the trial court for want of prosecution pursuant to local Rule 12(t), which provides:

"On the first Monday of April of each year at 10:00 a.m. . . . each civil case other than uncontested divorce cases, which have been on file more than three years shall be set for hearing for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown at or before such hearing such cases shall be dismissed by the court for want of prosecution without further notice. . . . This rule shall constitute notice of such hearings and counsel . . . shall keep informed as to the length of time each of their cases has been on file."

■ Some 68 days after the case had been dismissed the plaintiff filed a motion to reinstate the cause pursuant to Vernon's Annotated Rules of Civil Procedure, Rule 165a, and the court after a hearing ordered the cause of action reinstated. The defendant contends that Rule 165a, supra, is not applicable and that the trial court erred in reinstating the case since the judgment had become final 30 days after dismissal.

Rule 329b, 6, provides:

"In district courts and in county courts having continuous terms, that is, successive terms in a county throughout the year, without more than two days inter-

vening between any such terms, the following rule shall apply:

"* * * * * *

"(c) Judgments of such courts shall become as final after the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired."

Paragraph 8 of Rule 329b, supra, provides:

"Notwithstanding the provisions of this rule, the court may set aside an order of dismissal for want of prosecution and reinstate the case as authorized by Rule 165a."

Rule 165a, Texas Rules of Civil Procedure, provides in part:

". . . Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal."

Rule 165a, supra, by its terms is applicable to all cases which are dismissed for want of prosecution. There is no contention that the trial court erred in making fact findings necessary to bring this case under Rule 165a, supra. Appellant's first point does not present error.

The defendant next contends that the court erred in excluding evidence which showed that the work done after April 4 was not a part of the contract. In a written proposal dated March 16, 1970, the plaintiff offered to provide sewer cleaning services to the defendant in a written proposal. The scope of the job was described in the following language:

"Furnishing sewer jets and a sewer vac to clean 18 inch through 48 inch sewer lines on North Belt Freeway job."

The bid provided for payment on an hourly rate. This proposal was accepted by the defendant. The plaintiff alleged that it performed services under this contract and that the defendant failed to pay the sum of $21,371.82 due to plaintiff for the services rendered. The defendant answered with a general denial only.

At the trial the plaintiff introduced the written proposal and a number of invoices submitted by it to the defendant. Testimony was introduced that these invoices were submitted for payment for services performed on the North Belt Freeway job. The defendant attempted to introduce evidence that the plaintiff had completed its performance under the March 16, 1970 agreement on April 4, 1970 and that all services rendered by the plaintiff thereafter were pursuant to a new agreement evidenced by a new work order. There was testimony that the job site with which the March 16, 1970 agreement was concerned was the point at which Highway 59 crosses over the North Belt. North Belt at that point is below ground level. At that point certain drainage pipes were installed to drain water into a wellhouse where it could be removed by pumps. The last item on the plaintiff's proposal called for the cleaning of the wellhouse at a lump-sum price. The invoice submitted for that work carried a notation, "Job complete."

The defendant introduced on a bill of exception its Exhibit 5, a purchase order which was issued by defendant to the plaintiff on April 6, 1970 together with Exhibits 3 and 4 which were invoices issued by the plaintiff billing the defendant referring to Exhibit 5. Exhibit 5 provided for payment on a lineal foot basis rather on an hourly basis. The defendant attempted to introduce these invoices, which were paid, billing the defendant on a lineal foot basis. The defendant offered invoices which had been paid for the purpose of showing that prior to April 4, 1970 invoices were regularly submitted by the plaintiff and were regularly paid by the defendant, in support of their contention that the job was completed on April 4, 1970. They also offered the testimony of a witness that the work described in plaintiff's Exhibit No. 1 was completed on April 4. They also offered testimony by a witness that the work represented by the invoices introduced by the plaintiff was performed on Highway 59 but not at the intersection of North Belt and Highway 59, and that the work represented by those invoices was not done under the March 16 contract. The defendant further offered testimony to the effect that the purchase order represented by the defendant's Exhibit 5 was a contract to clean the pipes on the remainder of Highway 59 outside of the North Belt interchange.

The trial court refused to admit this testimony for the reason that such evidence was not admissible under a general denial. It was the trial court's theory that the defense presented by the evidence offered was in the nature of a confession and avoidance and required an affirmative plea as a condition precedent to its assertion.

■ Under a general denial the defendant is entitled to introduce evidence which tends to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff in support of its petition. If the defendant desires to introduce evidence of a fact which does not tend to rebut the facts of plaintiff's case, but which shows an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequences of the plaintiff's case, or else the testimony will not be admissible. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967).

■ Here the plaintiff has alleged and offered evidence to prove that they did certain work under a written contract with the defendant and that the defendant has failed to pay for some of such work. The

defendant has attempted to introduce evidence to show that the work was not done under the contract alleged and that the hourly charges are not proper because the work was done under a contract providing for payment on a linear foot basis. This evidence tends to directly rebut the allegations of plaintiff's petition and the evidence introduced in support thereof. The trial court erred in refusing to admit the evidence. *Strack v. Strong*, 135 S.W.2d 754 (Tex.Civ.App.–San Antonio, 1939, writ dism'd, judgment correct); *Gifford-Hill & Co., Inc. v. Jones*, 99 S.W.2d 656 (Tex.Civ.App.–El Paso, 1936, no writ history); *Crane v. Colonial Holding Corp.*, 57 S.W.2d 316 (Tex.Civ.App.–Amarillo, 1933, no writ hist.); *Amarillo Oil Co. v. Ranch Creek Oil & Gas Co.*, 271 S.W. 145 (Tex.Civ.App.–Amarillo, 1925, writ dism'd by agreement 288 S.W. 1114); *Goodwin v. Biddy*, 149 S.W. 739 (Tex.Civ.App.–Amarillo, 1912, no writ hist.).

It is well settled that if the defendant proposes to disprove the facts alleged by the plaintiff, a general denial will serve his purpose. But if the facts alleged are true, and he wishes to explain or avoid them, he must aver, specially, the matters of avoidance or explanation upon which he relies. *Mercantile National Bank at Dallas v. Electrical Supply Corp.*, 434 S.W.2d 907 (Tex.Civ.App.–Dallas, 1968, writ ref'd n. r. e.).

The defendant does not deny the contract on which suit was brought. He does deny, however, that the work for which payment is sought by the plaintiff was done pursuant to the contract alleged. It was plaintiff's burden to prove not only the contract alleged, but also that the work was done under the terms of said contract. The written contract alleged by the plaintiff was relied on to prove the measure of damages. To rebut this testimony the defendant was entitled to show that the work was actually done under a different contract providing for a different method for determining compensation. *Moulton v. Al-amo Ambulance Service, Inc.*, supra; *Taylor v. Gentry*, 494 S.W.2d 243 (Tex.Civ.App.–Fort Worth, 1973, no writ hist.).

Reversed and remanded.