MARY A. BRIGGS, Appellant, *vs*. EZEKIEL L. CHASE.

Piscataquis.    Opinion April 6, 1909.

*Landlord and Tenant.    Lease.    Construction.    Demise in Presenti.    Consideration.*
*Optional Renewal.    Election to Renew.    Notice of Renewal.*

A lease like any other contract is to be construed with reference to the intent of the parties, as gathered from all parts of the instrument, and the object and purpose of the transaction.

The form of the instrument is not decisive of its character as a lease, and the mere use of technical words and phrases which have a definite legal signification cannot be allowed to defeat a contrary intention of the parties, if that intention be manifest from the whole contract.

If the instrument contain words of a present demise, it will be deemed a lease in presenti, unless it appears from other portions of the instrument that such was not the intention of the parties, while, if possession be given under the agreement, this will be a circumstance tending to prove that it was intended as a lease in presenti.

A stipulation in a lease that the tenant shall have the privilege of renewing the lease, is a part of the consideration for which he takes the lease and agrees to pay the sum named therein as the rental of the premises leased.

Neither verbal nor written notice is necessary to establish an election to continue a tenancy under an optional lease, for a definite term.

Where the optional term was specified in a lease "as not exceeding ten years," *held* that written notice on the part of the tenant was not necessary to establish his election to continue his tenancy under the lease.

The plaintiff's testator on the twenty-second day of January, 1906, executed and delivered to the defendant a lease of a certain building, the habendum of which said lease among other things, contained the following clause: "to have and to hold for the term of one year from the date hereof with the privilege on the part of said Chase of renewing on the same rental for any term not exceeding 10 years from the expiration of said one year term." And in relation to the right of renewal, the lease also contained the following stipulation: "It is mutually understood that the said right of renewal as stipulated shall be wholly optional with the said Chase and such renewal — while in all other respects the same as in this lease, shall contain no further right of renewal except by mutual agreement." The defendant entered into the occupation of the premises under the lease, and continued his occupancy for the one year, and complied with all the terms of the lease during that time, and four days before the expiration of the year gave the

plaintiff verbal notice of his intention to renew the lease for the full period of ten years, and after the expiration of the year still continued in occupation of the premises, and paid rent upon precisely the terms and conditions specified in the lease, and the plaintiff acquiesced and received rent in accordance with the terms of the lease for three quarters, at least, upon the defendant's continued occupancy.

*Held:* 1. That it was the intent and purpose of the lease to make a demise in presenti to take effect in futuro, at the option of the defendant.

2. That no written notice was necessary on the part of the defendant to establish his election to continue his tenancy under the lease.

3. That the defendant duly exercised his option to renew the lease for the full term of ten years and that the same was renewed for ten years.

On report.  Judgment for defendant.

Action of forcible entry and detainer brought in the Milo Municipal Court, Piscataquis County, to recover possession of certain premises in Brownville in said county. Writ dated January 25, 1908. Plea, the general issue with brief statement alleging in substance that the defendant was in lawful possession of the premises under and by virtue of a written lease dated January 22, 1906, given to him by the plaintiff's testator for the term of one year with the privilege of renewing the same for a term not exceeding ten years and that said lease had been renewed for the term of ten years.

The judgment in the Municipal Court was for the defendant and the plaintiff appealed to the Supreme Judicial Court in said county. The action was then tried at the September term, 1908, of the Supreme Judicial Court in said county. At the conclusion of the testimony, the case was reported to the Law Court to render such judgment as the law and the legally admissible evidence required.

The case is stated in the opinion.

The material parts of the lease given by the plaintiff's testator to the defendant, are as follows:

"Know all men by these presents.

"That this contract and Indenture made and entered into this twenty-second day of January A. D. 1906, by and between Judson Briggs of Brownville and Ezekiel L. Chase also of said Brownville—

witnesseth, That the said Briggs in consideration of the covenants and agreements hereinafter set forth and indicated on the part of said Chase hereby leases and demises unto said Chase the following described premises and appurtenances, situate in said Brownville (Description of premises omitted in this report).

"To have and to hold for the term of one year from the date hereof with the privilege on the part of said Chase of renewing on the same rental for any term not exceeding 10 years from the expiration of said one year term.

"Yielding and paying therefor the sum of 160.00 one hundred sixty dollars per year, same to be paid and such rental to be in full for rent heat and light as aforesaid.

(Paragraph whereby said Briggs agrees to cut a door and erect and maintain a walk, etc., omitted in this report).

"And the said Chase hereby accepts the said premises as described and for the term aforesaid and covenants to and with the said Briggs to pay the rent as stipulated and in the manner stipulated and to quit and surrender up the said premises at the expiration of this or of the renewal term—in good order and condition as the same now are or may be put into by said Briggs, reasonable use and wear thereof, fire and other unavoidable casualty excepted and not to use the said premises for any purpose usually denominated as extra hazardous, and not to sublet the same without the consent in writing of the said Briggs first obtained.

"It is mutually understood, that the said right of renewal as stipulated shall be wholly optional with the said Chase and that such renewal—while in all other respects the same as is this lease, shall contain no further right of renewal except by mutual agreement.

"In witness whereof the parties hereto have hereunto set their hands and seals this day and year first above written.

"JUDSON BRIGGS, (L. S.)
"E. L. CHASE." (L. S.)

*Joseph B. Peaks, and W. H. Munroe,* for plaintiff.
*Hudson & Hudson,* for defendant.

SITTING:  EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J.   This is an action of forcible entry and detainer.   The only question involved is the interpretation of a lease of Judson Briggs, the plaintiff's testator, executed and delivered January 22, 1906.   The clauses of the instrument in question are found in the habendum which read :   "To have and to hold for the term of one year from the date hereof with the privilege on the part of said Chase of renewing at the same rental for any term not exceeding ten years from the expiration of said one year term."   And the following stipulation concerning the right of renewal, "It is mutually understood, that the said right of renewal as stipulated, shall be wholly optional with the said Chase and that such renewal, while in all other respects the same as is this lease, shall contain no further right of renewal except by mutual agreement."

The case shows the following undisputed facts :   That the defendant excepted the lease ; entered into occupation of the premises under it ; continued his occupancy for one year ; complied with all its terms during that time ; after the expiration of the year continued in occupation and paid rent upon precisely the terms and conditions specified in the lease, and was in possession on the date of the plaintiff's writ.

The plaintiff contends that the terms of the lease should be construed to have demised the premises to the defendant for a period of one year with a covenant of renewal which required him on or before the expiration of the term, to present to, or at least request of, the lessor a renewal in writing for the term of ten years or such part thereof as he might specify.   She urges that a fair construction of the phraseology of the lease required of the defendant, at least a written request for renewal as a verbal request should not be permitted to effect so important an interest in real property.   The defendant, however, contends that the instrument purporting to be a lease was a demise in presenti of the premises therein described for a term not exceeding ten years at the option of the defendant, and that verbal notice of his election to continue his tenancy for a term of ten years, was sufficient, in law, to accomplish this result.

No question can arise in regard to the consideration. The stipulation that the lessee should have the privilege of renewing "was part of the consideration for which he took a lease," and agreed to pay the sum of $160 per year. *Sweetser* v. *McKenney*, 65 Maine, 225. The defendant, therefore, has paid for his option as well as for his use and occupation. The plaintiff had received consideration for it. No new consideration was required. 24 Cyc. 995. *Hunter* v. *Silvers*, 11 Ill. 124.

A lease like any other contract is to be construed with reference to the intent of the parties, as gathered from all parts of the instrument, and the object and purpose of the transaction. "The form of the instrument is not decisive of its character as a lease, and the mere use of technical words and phrases which have a definite legal signification cannot be allowed to defeat a contrary intention of the parties, if that intention be manifest from the whole contract. If the instrument contain words of a present demise, it will be deemed a lease in presenti, unless it appears from other portions of the instrument that such was not the intention of the parties, while, if possession be given under the agreement, this will be a circumstance tending to prove that it was intended as a lease in presenti." 24 Cyc. 898, and cases cited. *Sweetser* v. *McKenney*, 65 Maine, 225; *Holley* v. *Young*, 66 Maine, 520.

We are of opinion that the intent and purpose of the lease before us was to make a demise in presenti to take effect in futuro, at the option of the lessee. In *Sweetser* v. *McKenney*, 65 Maine, supra, the term of the lease was fixed "for five years and as much longer as he desires." The court held that the effect of this language was a present demise to take effect in the future. This was a case of forcible entry and detainer, and it appears that the plaintiff gave no notice for the renewal of his lease, but, on the contrary, was notified by the lessor in writing that his tenancy would cease at the expiration of the term of his lease. The new term "as much longer as he desires" it will be observed, is without limitation or certainty.

*Holley* v. *Young*, 66 Maine, 520, is a case in which the language in the lease is, in effect, analogous to the language in the lease before us. After stating the consideration, describing the property

and fixing the term, it says: "We further agree to lease to said Young said premises, situated in Farmington Village at the price and conditions named as long as he wishes to occupy the same." This lease did not place any limit upon his "wish." The legal limit was therefore his life. He could, however, determine it at any intervening point of time "if he wished." This was plainly more indefinite than "not exceeding ten years."

With reference to the term that may be agreed upon in a lease, C. J. Shaw in *Weld* v. *Traip*, 14 Gray, 330, says: "We are not, however, disposed to question the power of an owner in fee, who has the general jus disponendi, to create a term for five or five hundred years, to commence in futuro, even after his own decease so as in effect substantially to alienate the entire value of the estate, and thus, when the descent should be cast, subject the estate to the incumbrance of the term."

While the phraseology of the contract found in *Holley* v. *Young*, supra, "We further agree to lease," standing by itself might well be said to be a contract for a lease, yet the court construed it as follows: "The question whether a written instrument is a lease or only agreement for a lease, depends . . . on the intention of the party to be collected from the whole instrument . . . . The form of expression ' we agree to rent or lease ' is far from being decisive on this question, and does not necessarily import that a lease is to be given at a future date. On the contrary, these words may take effect as a present demise, and the words, ' agree to let ' have been held to mean exactly the same thing as the word 'let,' unless there be something in the instrument to show that the present demise could not have been in the contemplation of the parties."

Here it will be observed, that the rule of construction is, not that the instrument must show that a present demise was intended but that it "could not have been." In other words the interpretation should be in favor of the present demise. We think the case before us stronger than the one cited for the application of the in presenti doctrine.

In the case at bar, there is not only nothing "to show that the present demise could not have been in the contemplation of the

parties" but everything to show that it was as will appear from the
following analysis.   In the original lease the plaintiff had no voice
in the matter of renewal.   Renewal "shall be wholly optional with"
the defendant, "on the same terms, not exceeding ten years."   The
stipulations prescribed were absolutely at the dictation of the lessor.
They are presumed to be favorable to his interests and to impose
upon the lessee all that he wished him to do, in order to effectuate
a renewal.   But no notice of renewal is required.   No new lease is
called for.   The conditions of continuance in occupation were pre-
cisely those of the original lease.   The execution of a new lease was
wholly unnecessary.   It would have been precisely like the original
except the term.   This was left to the lessee.   Whatever term he
might choose, one, five or ten years, would be in exact accord with
the contract of the lessor.   The plaintiff could insist upon complete
fulfillment.   The defendant was equally bound.   A new lease would
be a useless form.   The defendant's election, if he made it, to con-
tinue extended the stipulations of the original lease to his new occu-
pancy.   He continued his tenancy.   That the parties contemplated
a present demise seems to be the only fair inference from their acts,
and the other facts and probabilities in the case.

Then after stating the in presenti rule as above in *Holley* v. *Young*,
supra, the court conclude by saying :   "The provision of the lease is
not a mere covenant of the plaintiff for renewal ; no formal renewal
was contemplated by the parties.   The agreement itself is, as to the
additional term, a lease de futuro, requiring only the lapse of the
preceding term and the election of the defendant to become a lease
in presenti.   All that is necessary to its validity is the fact of elec-
tion."

In *Holley* v. *Young*, supra, it was declared that the intention of
the parties, as inferred from the object, purpose and phraseology of
the whole instrument, should control the interpretation of the words,
"agree to lease" and that they were sufficient to constitute a lease in
presenti.   This, like the case at bar, was an action of forcible entry
and detainer against the tenant who claimed the right of possession,
not because he had given any written notice that he desired a new
lease, nor because a new lease had been given, but from the single

fact that he had continued to occupy, as appears from the following remark of the court: "The tenant after the expiration of a year remained. His so remaining is an election to continue the tenancy."

The remaining question is did the defendant elect to continue his tenancy? The undisputed testimony shows that he called upon the plaintiff January 18, 1907, four days before the expiration of the year named in the lease. He says that, at this time, he informed the plaintiff of his intentions to renew the lease for the full period of ten years. The plaintiff denies this. The accompanying facts and subsequent acts of the parties seems strongly to corroborate the defendant. He was already in business upon the premises. He continued in occupation beyond the year. His act of continuing showed that he wished to remain. The plaintiff acquiesced and received rent in accordance with the terms of the lease for three quarters, at least, upon the defendant's continued tenancy. His continued occupancy upon the terms expressed in the lease and the acceptance of rent and acquiescence by the plaintiff, are regarded as the strongest evidence, not only as to the character of the lease, as already observed, but upon the question of election. The court is of the opinion, from the facts and circumstances herein established, that the inference is a fair one that the defendant exercised his option to renew the lease for the full term of ten years, unless notice in writing was required to effectuate such renewal.

Both the Maine cases above referred to were actions of forcible entry and detainer like the case at bar. The language of the lease in each case is held to constitute a demise in presenti. Each holds that no written notice is required to extend the optional terms in such a lease, and would seem to afford a complete precedent for applying a similar rule to the case before us. *Kramer* v. *Cook*, 7 Gray, 550 is also in point upon the question of notice. This was an action by the lessor to establish an election by the lessee, to continue his occupancy for a term of two years. The habendum clause in the lease was, "to hold for a term of three years from the date hereof, yielding and paying therefor the rent of $700 a year; and at the election of said Cook, for the further term of two years next after said term of three years yielding etc." The action was

upon a contract to recover rent.    The defendant asked the court to instruct the jury that ' to show an election by the lessee to hold for an additional term of two years after the expiration of three years, it was necessary for the plaintiff to prove that the defendant so elected at the time of the expiration of the three years, and duly notified the·lessor of the intention ' so to hold.'    The presiding Justice refused to give the instruction and the court in passing upon the question said :    "If it was necessary to prove that the election of the defendant was made at the time of the expiration of three years, the evidence was ample for that purpose.    He continued to occupy after the expiration of three years.    He paid the increased rents stipulated for from the time the three years expired.    The court also said that continuing to occupy and payment of rent were the "best possible evidence of the election  .  .  .  .  they were a declaration and an act, the expression of the wish and its execution."    No written notice of renewal was required.

*Kimball* v. *Cross*, 136 Mass. 300, is equally pertinent upon the question of notice.    The instrument herein involved recited that the plaintiffs had leased to the defendants the premises "for a term of one year for $75 with the privilege of continuing for five years at $100 per year."    This was an action for rent.    The defendant requested the court to rule that this clause should be regarded as a mere executory contract for a lease thereafter to be given, should the defendant desire it.    In refusing the requested instruction the court say :    "But the instrument upon its·face purports to be the contract upon which the subsequent occupation at the election of the. defendant, is to be enjoyed.    By it the relation and rights of the parties is defined and the words are apt to create a then present demise when, at the end of the first year, the occupation is·continued."

Upon the question of election, when the option is definite, the Maine and Massachusetts cases explicitly hold that continuance of the tenancy beyond the term is, in the language of the cases, "ample evidence"· of an election to avail the lessee of the further term.

The authorities, therefore, are abundant that neither verbal nor written notice is necessary, to establish an election to continue a tenancy, under an optional lease, for a definite term.    If the optional

term in the lease before us had been for a definite period, no notice would have been required of the defendant, as is clearly shown by the above cases. But the optional term being specified as "not exceeding ten years," quere, whether the act of continued occupancy, would not of itself effect an election for ten years? Certainly the plaintiff could not complain for it was the voluntary contract of the lessor. We are unable to discover any good reason why the defendant should complain, as it was optional with him, alone, to fix a shorter period if he so desired. However this may be the defendant did give notice, stated the term and continued in occupancy, and we think his election was thereby established.

*Judgment for the defendant.*