## Kerr *et al.* *v.* Black, executor, *et al.*

Lumpkin, J. 1. In a controversy between landlords and tenants' as to whether the tenancy would terminate at the end of the then current year, or whether the tenants had a right to continue the rental for an additional term, under an option to do so, contained in a written contract, upon an equitable proceeding filed by the landlords it was error, at a mere interlocutory hearing, to grant an injunction of such a character as to oust the tenants from possession and give it to the landlords; and this is true although the landlords alleged that the contract, as written, contained a mistake, and sought to obtain a decree correcting it. Such relief could be granted only on a final trial.

(*a*) Certain landowners entered into a written contract with tenants to cultivate land "for a term of three years, with the privilege of five years," upon certain terms and conditions. Before the close of the third year, the landlords filed an equitable petition against the tenants, alleging, that the latter had not complied with their contract, that the term would expire at the end of the then current year, and that in a conversation between one of the landlords and the tenant who acted as spokesman in making the contract, and who managed the farm for the defendants, the tenant told the landlord that he would not want the farm after that year; that the defendants were nevertheless plowing and making preparations for the crop for the following year; that the landlords had been damaged by reason of the tenants' allowing lands to lie idle, and failing to properly cultivate the crops in preceding years; and that they would be damaged in an amount which could not be estimated, if they could not recover the land, because they had made a contract of rental with another party for the succeeding year. Temporary and permanent injunction, and a decree that the defendants be required to vacate, were prayed. By amendment the plaintiffs alleged, that the written contract did not correctly state the agreement of the parties; that the agreement was that the tenants should have a term of three years, with the privilege of five years, if agreed upon between the parties; that the words, "if agreed upon between the parties," were omitted by accident and mistake in drawing the contract; and that the contract was not binding upon either party after the lapse of three years, because lacking in mutuality. It was prayed that the contract be reformed in accordance with the allegations stated, and be so construed. Upon an interlocutory hearing under a rule nisi, the presiding judge passed the following order: "After due hearing had, it is ordered and adjudged that the defendants named in the original petition be and they are hereby restrained from plowing or planting on the described land of the plaintiffs, or in any way interfering with the plaintiffs in the free use and disposal of their land or cultivation or rental of same." This order was passed in November of the third year of the rental. *Held*, that such order was erroneous. *Mize* v. *Herring*, ante, 812 (74 S. E. 535).

(*b*) If, upon sufficient consideration, a landlord rents to a tenant certain

land for a term of three years, with the privilege of five years, such privilege is not void on the ground that it is lacking in mutuality and not binding on the landlord. It is based on the general consideration, and is an integral part of the contract. *Wellmaker* v. *Wheatley*, 123 *Ga.* 201 (51 S. E. 436).

*Judgment reversed. All the Justices concur.*
MARCH 20, 1912.

Injunction. Before Judge Fite. Murray superior court. November 24, 1911.

*William E. Mann*, for plaintiffs in error.
*Maddox, McCamy & Shumate* and *C. D. McCutchen*, contra.