## HOPKINS *v.* VANCE *et al.*

1. One in possession of real estate can not be ousted by a writ of possession ordered by the trial judge in favor of another not in possession, at an interlocutory hearing for injunction.

2. The plaintiff being in possession of the real estate in controversy, claiming title, and no proceedings having been instituted against him by any one to recover the property or to dispossess him (except by a void order in the present proceeding), he is not entitled to an injunction.

3. The plaintiff has no right to have the will of testator construed in a proceeding like the present.

4. The court erred in ordering a writ of possession to issue at an interlocutory hearing.

No. 2988.　JULY 11, 1922.

Petition for injunction. Before Judge Hutcheson. Campbell superior court. October 31, 1921.

G. T. Hopkins filed an equitable petition for injunction and other relief against G. W. Phillips et al., as defendants, alleging in substance the following facts: P. L. Phillips, a citizen of Fayette County, on January 29, 1906, executed his last will and testament in which he named G. W. and Oscar Phillips as executors of the will. Testator died in February, 1918. The fourth item of the will was as follows: "I give and bequeath to my children, Oscar, C. H. Phillips, G. W. Phillips, Belle Williamson, John Phillips, Mrs. Imy Hopkins, Mrs. Minnie West, Sterling Phillips, and Grady Feeley, all the rest of my estate both real and

personal, to share and share alike, each receiving their interest equally in my said estate, and each accounting to my executors for whatever sum they may be due my estate by them at the time of my death, with reasonable interest on said indebtedness. This gift being provided for after my wife has been provided for; and in case of death of any of the beneficiaries already named who may die without children, I will that said interest revert back to my estate. The interest of Mrs. Imy Hopkins to be placed in the hands of my executor, G. W. Phillips, as trustee for her, and to be paid out [to] her as her needs may require, the said gifts here enumerated to go to the children other than specified, unreservedly without any limitations whatever, for their own use and disposition as they may see fit." After the executors of the will qualified they proceeded to sell, and did sell, all of testator's property and divided the proceeds among the legatees named in the will. Before the death of the testator the plaintiff married Miss Imy Phillips, the daughter of the testator, and she survived her father. After the estate of the testator was sold and converted into cash the executors deposited $930 in bank, this being the amount due Mrs. Imy Hopkins, plaintiff's wife. G. W. Phillips, who was appointed guardian, or trustee, of Mrs. Imy Hopkins, invested $400 of the $930 for her, and purchased a lot of land in the town of Union City, known as the Jane Byrd place, and had a deed executed to him as trustee for Mrs. Imy Hopkins. In addition to the fund invested in the house and lot the trustee had a certain other sum of money which is in the bank and is the property of Mrs. Imy Hopkins, and was never turned over to her. After the purchase of the house and lot plaintiff's wife took possession of the house and lot and occupied the same to the date of her death on February 12, 1921, leaving plaintiff as her sole heir at law, no children having been born to her. G. W. Phillips, the trustee, assured plaintiff that he would never be disturbed in the possession of the land in case his wife should die, and that he would have a home on said place and occupy the same as long as he lived in case of her death, and he treated this place as that of Mrs. Hopkins. Plaintiff expended a large amount of money on the place, having the house partially rebuilt and put his own funds in improvements on the house to the amount of $312.26. Recently G. W. Phillips filed a petition for partition against the legatees

under the will of testator, and had partitioners appointed and a report written out for the partitioners, stating that the land could not be divided and it was necessary to sell the same; and an order was taken to sell the property on the first Tuesday in September, 1921, before the court-house door in Campbell County after advertisement, and the property was advertised and sold on that date by the commissioners, and A. T. Vance became the purchaser of the property for the sum of $550; and plaintiff is advised and believes that same was paid over to the commissioners and is still in their hands. Vance has demanded possession of the property from plaintiff, and is seeking to dispossess him and take charge of the property; and plaintiff shows that from the date of the purchase of the property by Phillips as trustee plaintiff's wife took charge and held possession of the property until the date of her death, and since her death plaintiff has held possession of the same, and both plaintiff and his wife have claimed the property, and no person had the right to disturb this possession, and any sale of the property while they were holding it adversely to the trustee or the estate of testator was absolutely void, and Vance should be paid back the money which he bid for the place, and the sale be declared void, and it should be decreed that plaintiff is the sole owner of the house and lot; and he prays that this be done. Plaintiff alleged that he had never been made a party to the partition proceedings or served in any way with a copy of the proceedings, although he was in possession of the property and claiming the same as his own at the time of the alleged partition. There were a number of other allegations which it is not necessary to set out in this statement. Plaintiff prayed, that G. W. Phillips be made a party defendant to this proceeding, and be enjoined from further proceeding in this case until plaintiff can be heard; that each of the other defendants, J. O. Phillips and others named, be enjoined from proceeding in this case and from receiving any of the funds from the proceeds of the sale of the house and lot; that it be decreed that plaintiff is the sole owner of the property; that he recover of G. W. Phillips the sum of $75 now in his hands in the bank, belonging to plaintiff; that if for any reason plaintiff can not recover the land, the court find and decree that $550 be turned over to plaintiff, and if this can not be done he prays that at least $312.26 of the same be turned over to

him, this being the amount he expended on the property; that A. T. Vance be made a party defendant in this case, and be enjoined from taking possession of the property or in any way interfering with plaintiff in the possession thereof; that the court find and decree that Vance has no title to the property, but that plaintiff has the title and possession; that the court construe the will of testator, and that it be decreed that under the will Mrs. Imy Hopkins having survived her father, P. L. Phillips, on the probate of the will she became the absolute owner in fee simple of the $930 left her by her father, and apportioned to her by the executors of his will, and, as the property in controversy was bought with a part of that fund, Mrs. Imy Hopkins became the absolute owner of the same, and plaintiff having survived her he became the owner of the property and the fund now in the bank as against all of the defendants in this case and against all other persons. There was also a prayer for general relief. After hearing evidence, which was conflicting, the court passed the following interlocutory order: " After hearing the evidence and argument on the within petition for injunction, it is ordered, considered, and adjudged that this injunction and restraining order, in so far as it applies against A. T. Vance, the purchaser herein, is dissolved. It is further ordered that a writ of possession issue in favor of A. T. Vance, the purchaser at the sale, for the premises recovered." To this order the plaintiff excepted.

*J. F. Golightly* and *L. S. Camp,* for plaintiff.

*W. B. Hollingsworth,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. The order issued by the trial judge on the interlocutory hearing provided that a writ of possession issue in favor of A. T. Vance, the purchaser of the house and lot, " for the premises recovered." This was error which requires a reversal of the judgment. Whatever remedy, if any, the defendants in error may have for the recovery of the property in controversy, they can not recover and have a writ of possession issue to them at an interlocutory hearing. *Dekle* v. *McLeod,* 144 *Ga.* 289 (2) (86 S. E. 1082). In the case cited it was said: " It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and cause such possession to be delivered to another. This is mandatory. Civil Code (1910), §

5499." From the statement of facts in the present case it will be observed that the plaintiff was in possession of the premises, claiming it as his own; and on an interlocutory hearing a writ of possession could not issue to dispossess him. See *Kerr* v. *Black*, 137 *Ga.* 832 (74 S. E. 535).

2. The plaintiff was not a party to the partition proceeding, under which the premises in controversy were sold; and therefore he is not bound by that proceeding, and so far as the record in this case is concerned there is no attack made on his title or his adverse possession. And in no view of this case is the plaintiff entitled to an injunction, he being in possession of the house and lot claiming title thereto in his own right, and no legal proceeding having been instituted by any one to dispossess him or to recover the property from him. There is nothing in this case to indicate a purpose on the part of the defendants to oust the plaintiff, except the order of the court directing a writ of possession to issue against him in favor of A. T. Vance, the purchaser, which portion of the order we have just held to be void for the reason given.

3. The plaintiff prays that the will of P. L. Phillips, under which he and his wife claim title, be construed in this proceeding; but under the view we take of the case the plaintiff has no right to have the will construed in a proceeding like the present. His right in this respect, if he has any, will properly come up when his right of possession is attacked, which has not been properly done, according to the allegations of the petition and the evidence in support thereof. See Civil Code (1910), § 4596.

*Judgment reversed. All the Justices concur.*