## BRIDGEMAN v. JEFFERSON AMUSE-MENT CO.

### No. 4486.

Court of Civil Appeals of Texas. Beaumont. Nov. 26, 1947.

Rehearing Denied Jan. 7, 1948.

O'Fiel & O'Fiel, of Beaumont, for appellant.

Robert H. Park, of Beaumont, for appellee.

WALKER, Justice.

Appellant, referred to hereinafter as Plaintiff, brought this action against appellee, referred to hereinafter as Defendant, to recover the title to and possession of Lots 21 and 22 in Block 11 of the original townsite of Nederland, in Jefferson County. The action was filed on July 3, 1946. Defendant admitted that Plaintiff had title to the property but claimed the right to possession of the land by virtue of the written lease set out below, and the main issue between the parties in the trial court was whether this lease had expired or was still in force by reason of Defendant's having exercised an option for extension or renewal which was contained in said lease. The trial court, pursuant to a trial before a jury, rendered judgment in accordance with Defendant's contention, establishing Defendant's right to the possession of the property until the end, on May 31, 1951, of the additional term which Defendant claimed under the option. Provision was made in the judgment for other matters which need not be referred to here.

The lease was made to Defendant by F. W. Bridgeman, Plaintiff's husband, who died during February, 1938. It was dated June 11, 1936, but was effective for a primary term of ten years commencing with June 1, 1936, and Defendant was given an option of extending (or renewing) said lease for five additional years. The relevant provisions of the lease are as follows:

"This contract and agreement made and entered into by and between F. W. Bridgeman—hereinafter known as lessor, and Jefferson Amusement Company, Inc.—hereinafter known as lessee, witnesseth:

"I. That for and in consideration of the rents and covenants herein contained on the part of the Lessee to be paid, kept and performed, Lessor hereby lets and leases unto Lessee for a period of ten-years commencing June 1, 1936, and ending May 31, 1946, on (the property in suit).

"II. Lessee binds itself, its successors and assigns, to pay as a rental to Lessor the sum of Eighteen Hundred and No/100 ($1800.-00) Dollars for the period of this lease at the rate of Fifteen and No/100 ($15.00) Dollars per month, the first payment to be paid on the first day of June, 1936, and Fifteen and No/100 Dollars ($15.00) per month to be paid on the first day of each and every succeeding month thereafter until the sum of Eighteen Hundred and No/100 ($1800.00) Dollars shall have been paid.

"III. (Lessee covenants to pay taxes and assessments which might be charged against the property demised or improvements which Lessee might erect on said property, and further, that Lessee would comply with, and would save Lessor harmless from ordinances which might be enacted if Nederland became an incorporated city.)

"IV. It is mutually agreed by and between the Lessor and the Lessee that at the termination of this lease, the Jefferson Amusement Company shall have an option for an additional five (5) year period at a rental of $30.00 per month.

"V. (Lessor given a lien for payment of rent.)

"VI. (Lessee given permission to assign or sub-let.)

"VII. (Lessor warrants title to the land demised.)

"This contract executed on this the 11th day of June, A.D. 1936, shall be operative as of June 1st, 1936, and terminate as of the 31st day of May, 1946."

Acting under this lease, Defendant took possession of the property demised and erected upon it a theater building. Defendant had possession of said property and of said building continuously down to the trial of this cause from a time prior to the time Defendant exercised the option to extend or renew the lease.

So far as the record before us shows, Defendant has consistently paid the lease rentals by defendant's check. At any rate, each monthly rental accruing during the eight year period from the death of Plaintiff's husband in February, 1938, down to May 31, 1946, was paid to Plaintiff by Defendant by Defendant's check, a separate check being issued for each rental, and Plaintiff accepted and cashed all of these checks without objection of any kind. By

letter dated September 7, 1939, addressed to Defendant, Plaintiff in effect authorized Defendant to pay lease rentals by check, said letter reading: "This is to inform you that my husband, Mr. F. W. Bridgeman is deceased, and I am handling all of his affairs as his widow in the name of Mrs. F. W. Bridgeman. Will you please make all checks payable to him in the future in the name of Mrs. F. W. Bridgeman." The "checks payable" obviously referred to rental payments.

Before the expiration of the primary term of the lease on May 31, 1946, towit, by letter dated May 9, 1946, addressed to Plaintiff, Defendant notified Plaintiff that Defendant had elected to exercise the option to extend or renew the lease, said letter reading: "Please refer to the lease agreement dated June 11, 1936, between your late husband and Jefferson Amusement Company, whereby certain lots in the city of Nederland were leased to us for a period of ten years. This term expires May 31, 1946. According to paragraph IV of this lease contract, the Jefferson Amusement Company is granted an option to renew for an additional period of five years, but at a rental increased to $30.00 per month. This letter is to signify our desire to exercise this option privilege to renew our contract with you, and to assure you of our appreciation of the cordial relationship which has existed between us as Lessor and Lessee. We should appreciate a letter from you expressing your acceptance of this renewal."

Subsequent to Defendant's letter of May 9, 1946, Defendant caused Defendant's checks to be delivered to Plaintiff in payment of each of the monthly rentals accruing during the period from May 31, 1946, down to the month of March, 1947. As stated, this suit was filed on July 3, 1946, a little over a month after the primary term of the lease ended, and it was tried during March, 1947. Defendant's check for the March, 1947, rental (which was mailed to Plaintiff) was not delivered to Plaintiff because Plaintiff had changed her address without notifying Defendant that she had done so, and this particular check was returned to Defendant. All of the aforesaid checks which were delivered to Plaintiff were retained by her, and were tendered by her to Defendant during trial. She has made no objection to them except that Defendant should have paid the rentals in cash. Defendant refused Plaintiff's tender and in turn, during trial, tendered Plaintiff in money the rentals which had accrued since the expiration of the primary term of the lease, Plaintiff refused this tender but this sum has been adjudged to her in the trial court's judgment from which she has appealed.

Plaintiff made no reply to Defendant's letter of May 9, 1946, wherein Defendant exercised the option to extend or renew the lease, but, instead, referred that letter to her attorney, who offered to prove a series of communications from him to Defendant. All of this tendered proof was excluded. In substance, it tended only to show that Plaintiff denied that Defendant could exercise this option without her consent and that she refused to give her consent unless Defendant agreed that she owned the theater building upon the property and also agreed to insure this building for her benefit. This excluded proof consisted of the following items:

(1) Telephone conversation during the latter part of May, 1946, before the primary term of the lease ended, between Plaintiff's counsel and the secretary of a person whom Counsel was informed was Defendant's manager (the manager was absent at the time) during which Plaintiff's counsel advised this secretary that he "wanted to talk about the matter of the renewal of the right to use the theater building at Nederland, Texas, belonging to (Plaintiff); that (Plaintiff) was unwilling to permit (Defendant) to avail themselves of the option clause in the contract but that she would be willing to enter into a discussion about the right to use it but on changed terms and conditions." Counsel offered to testify further that "this lady advised me that she would lay the matter in front of (Defendant's aforesaid manager) when he returned and have him call me."

(2) Letter dated May 31, 1946 (the day the primary term ended), from Plaintiff's counsel to Defendant, which counsel said

was in response to Defendant's letter of the preceding May 9th, instructing Defendant to communicate with him as Plaintiff's counsel regarding the exercise of the option to extend or renew the lease.

(3) Defendant did not reply to this letter of May 31st, and Plaintiff's counsel tendered the following letter dated June 5, 1946, from him to Defendant, wherein he expressed Plaintiff's unwillingness to consent to Defendant's exercise of the option unless Defendant agreed that Plaintiff owned the theater building on the property and would insure said building for Plaintiff's benefit, said letter reading: "Before May 31st, 1946, we attempted to get in touch with you concerning the lease executed between F. W. Bridgeman and the Jefferson Amusement Company under date of June 11, 1936. It has been impossible to get in touch with you, but before you are permitted to exercise the option provided for in section IV of said contract, it is desired by Mrs. Bridgeman that you shall enter into written stipulations including therein, among others, the following: (a) That the ownership of the building on the demised lots is expressly recognized to be in Mrs. F. W. Bridgeman, devisee under the will of F. W. Bridgeman. (b) That insurance shall be carried on the building, in favor of Mrs. Bridgeman, the owner of the property. If written agreement to this effect cannot be concluded, it is Mrs. Bridgeman's will that you remove your effects from out of the building and vacate the same. If you should have some reactions to the above we shall be glad to be made the recipients of same at your early convenience."

(4) Finally, Plaintiff's counsel said that he wrote the following letter to Defendant, dated June 12, 1946: "We have been writing you regarding the lease you formerly sold covering lots twenty one (21) and twenty two (22) south side of Nederland, Texas, rented from F. W. Bridgeman. Your statement therein stating that your company has complied with all the requirements of the lease is not quite satisfactory. You have not complied with the requirements of the lease, *no money has been received from you as the advance payment, and none is to be received or accepted until the suggestions made in my previous letter to you are complied with.* To make our position again clear, the building erected on the premises has become attached to and is now a part of a realty, which belongs to Mrs. Bridgeman, and we are going to require that the building be insured against fire with the loss clause payable to Mrs. Bridgeman. I am waiting for your reactions to these renewed suggestions, otherwise I have my instructions to institute a suit to cause you to vacate the premises."

This letter is simply an insistence upon the demands made on Defendant in the letter of June 5th, and was clear and positive notice to Defendant that no rentals need be paid by Defendant unless Plaintiff's demands were met. If Plaintiff ever made any objection to Defendant's payment of rentals by check instead of in cash, this objection was expressed in the words which we have underlined.

Plaintiff has assigned 9 Points of Error for reversal. Points 1, 2 and 4 are founded upon the proposition that the option to extend or renew the lease was not supported by any consideration. Plaintiff seemingly argues that the lease was divisible, expressing two distinct agreements, namely, the demise for 10 years and the option, and further, that whatever consideration may be expressed in the lease was intended to be a consideration for only the 10 year demise.

Points 1, 2, and 4 are overruled. The option was supported by a valuable consideration. It presumably constituted an inducement to Defendant to enter into the contract evidenced by the lease and as we construe the lease, Defendant's covenants, rental and otherwise, were intended by the parties to be a consideration not only for the 10 year demise but also for the option. The following decisions from other states support our conclusion: Monihon v. Wakelin, 6 Ariz. 225, 56 P. 735; Kerr v. Black, 137 Ga. 832, 74 S.E. 535; Pritchett v. King, 56 Ga.App. 788, 194 S.E. 44; Hunter v. Silvers, 15 Ill. 174; Vokins v. McGaughey, 206 Ky. 42, 266 S.W. 907, 39 A.L.R. 275; Briggs v. Chase, 105 Me. 317, 74 A. 796; Wright v. Kayner, 150 Mich. 7, 113 N.W. 779; Haeffner v. A. P. Green Fire Brick Co., Mo.Sup., 76 S.W.2d 122; Spotts v.

Westlake Garage Co., 116 Wash. 255, 199 P. 294; Union Oil Co. v. Hale, 163 Wash. 503, 2 P.2d 87; Thaw v. Gaffney, 75 W.Va. 229, 83 S.E. 983. Our conclusion is in accord with that reached by other courts of this state in resolving similar questions of construction, arising under various kinds of agreements containing options. Blaffer & Farish v. Gulf Pipe Line Co., Tex.Civ.App., 218 S.W. 89; Griffin v. Bell, Tex.Civ.App., 202 S.W. 1034; Mayhew & Isbell Lumber Co. v. Valley Wells Truck Growers' Ass'n, Tex.Civ.App., 216 S.W. 225, at page 232; Texarkana Pipe Works v. Caddo Oil & Ref. Co., Tex.Civ.App., 228 S.W. 586; Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, at page 268. Options for extension or renewal expressed in various leases of real property have been commonly assumed to be valid and enforcible, and have been enforced in this state. Springfield Fire & Marine Ins. Co. v. Republic Ins. Co., Tex.Civ.App., 262 S.W. 814; Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, affirmed Tex.Civ.App., 185 S.W.2d 456; 27 Tex.Jur. 305, et seq. (Sections 177–180).

 Being supported by a consideration, the option to extend or renew the lease was irrevocable, was in existence when Defendant notified Plaintiff that it was being exercised (this notice was given some 22 days before the primary term ended), and Defendant was authorized to exercise the option regardless of whether Plaintiff consented or not. Ewing v. Miles, 12 Tex.Civ. App. 19, 33 S.W. 235. Consequently, the trial court did not err in excluding the evidence which Plaintiff tendered to prove that she did not consent to Defendant's exercise of the option, namely, the various communications to Defendant by Plaintiff's attorney, which we have listed above, and which are referred to under Point 4.

 Defendant unquestionably exercised the option and accepted the Lessor's offer therein expressed. Plaintiff apparently does not deny that this occurred—if Defendant had a right to exercise the option. Plaintiff seemingly doubts that Defendant is bound and liable to pay rent for the 5 additional years claimed by Defendant under the option, but Defendant's liability for these 5 years of rents is established by

Ewing v. Miles, supra, and Jones v. James, 4 Willson Civ.Cas.Ct.App. 311, 19 S.W. 434. We are very strongly inclined to think the option was an option to extend the term of the lease as distinguished from a covenant by the Lessor to renew the lease by executing and delivering to Defendant a new lease for the 5 additional years claimed under the option, but the nature of this option need not be determined. Defendant had the ultimate right to possession of the property as against the Plaintiff, and the trial court, having the powers not only of a court of law but also those of a court of equity, was authorized to adjudicate the rights of the parties to possession of the land. Plaintiff has not assigned error to the form of the judgment.

These conclusions also seem relevant to Points 3, 5, 7, 8 and 9.

Under Point 3, Plaintiff says that she was entitled to "rescission" because Defendant did not pay the rent in cash. Under Point 5, Plaintiff says that the jury's answer to Special Issue 1 was not supported by the evidence. In response to Issue 1, the jury found that Defendant did not have notice "that after May 31, 1946 (Plaintiff) would no longer receive the checks from (defendant) in lieu of cash in payment of rent." Under Point 7, Plaintiff assigns error to the overruling of an objection she says she made to the trial court's charge, namely, that an issue should have been submitted inquiring whether Defendant ought to have known on or before May 31, 1946, that Plaintiff "would not receive the checks from it in payment of rent for—said property on and after said date." The argument made under this Point attacks the form of Defendant's rental payments, and Point 7 may be disposed of summarily. There is no evidence in the record, nor was any offered to be proved, tending to show that on or before May 31, 1946, Plaintiff had withdrawn Defendant's existing authority to pay rent by check instead of in cash. Under Point 8, Plaintiff says that the trial court erred in submitting Issue 1 because the Defendant's checks for rent accruing after May 31, 1946, were not a lawful tender of payment of said rentals. Under Point 9, Plaintiff says that the trial court erred in admitting proof that Defend-

ant paid by check the rents accruing prior to June 1, 1946, because this proof was not supported by the pleadings.

 All of these Points of Error relate to the payment of rentals subsequent to May 31, 1946, during the five years additional claimed by Defendant under the option, and the conclusions previously stated would seem to require that Point 3 be overruled on the merits and would apparently make Points 5, 7, 8 and 9 immaterial. For the lease does not require that these rentals be paid by Defendant to accomplish an acceptance of the option, nor does the lease provide for its forfeiture by Plaintiff for Defendant's failure to pay rent when due. See Ewing v. Miles, supra, and Bagby v. Hodge, Tex.Civ.App., 297 S.W. 882, regarding the necessity of such a forfeiture provision in the lease. We note that no exception to the general rule stated in these two decisions has been proved.

However, Points 3, 5, 8 and 9 may be overruled on the merits, on other grounds.

 Defendant's pleadings support the proof to which Plaintiff refers under Point 9. Accordingly, there was evidence properly before the trial court showing that Plaintiff had authorized Defendant many years before the end of the primary Term of the lease to pay lease rentals by check; that Defendant had acted upon this authority; and that the authority so conferred and consistently acted upon was not withdrawn. There is no evidence whatever in the record tending to prove that Plaintiff ever revoked Defendant's authority to pay rentals by check. Plaintiff tenders the letter of her counsel, dated June 12, 1946, as proof that she did. This letter was excluded by the trial court, and it would therefore seem irrelevant to any of the Points of Error now under discussion. However, this letter does not support Plaintiff's argument. The statement on which Plaintiff relies as showing a revocation of Defendant's authority to pay rent by check was underlined above; it reads: "You have not complied with the requirements of the lease, no money has been received from you as the advance payment, and none is to be received or accepted until the suggestions made in my previous letter to you are complied with." Only the words "no money has been received from you as the advance payment" could be construed as an objection to the Defendant's payment of rent by check, and under the circumstances it cannot be construed, as a matter of law, as notifying Defendant not to pay future rents by check. If Defendant had not paid the June rental prior to the date of this letter, or if Plaintiff's counsel was unaware of this payment, then this statement only asserts that the June rental had not been paid. If Defendant had paid this rent before the date of this letter, then this statement was only an objection made after the event, to an act which Defendant performed under an authority not yet revoked; and such an objection could not be construed as requiring future rents to be paid in cash because the closing words of this statement, the meaning and effect of which were elaborated and emphasized elsewhere in the letter containing the statement, forbade Defendant in positive terms to pay rent in any medium unless Plaintiff's demands—which we have found to be wrongful—were met. According to the proof tendered by Plaintiff's counsel but excluded by the court, Plaintiff was insisting that Defendant could not exercise the option without her consent and was not objecting to Defendant's payment of rentals by check; and Defendant was justified in construing the letter of June 12th as only a restatement of this position and not as a revocation of the existing authority to pay rent by check. We accordingly find that the jury's answer to Issue 1 was supported by the evidence. These comments apply directly to Points 9 and 5. However, they also dispose of the merits of Points 3 and 8, objecting to payment by check, for the facts recited show that Defendant was authorized by Plaintiff to pay rentals by check, and this authority obviously extended to all rentals, those accruing during the five years claimed under the option as well as those accruing during the primary term of the lease.

 Point 6, to which we have not yet referred, is immaterial and need not be discussed, since under it Plaintiff only assigns error to Special Issue 3, submitting the

question of what was the reasonable rental value of the premises.

These conclusions dispose of all Points of Error assigned by Plaintiff and require that the trial court's judgment be, and the same hereby is, affirmed.