**LEELAND PROPERTIES CO. v. GEO. C. VAUGHAN & SONS.**

No. 12367.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1952.

Rehearing Denied Dec. 4, 1952.

DeLange & Hudspeth, Albert J. De-Lange, C. M. Hudspeth and E. J. Pitman, all of Houston, for appellant.

Ben F. Foster, of San Antonio, Andrews, Kurth, Campbell & Bradley, S. Eastland, Jr. and Richard Burns, all of Houston, for appellee.

GRAVES, Justice.

Appellee, a corporation, as plaintiff, sued in the District Court of Harris County, Texas, appellant Leeland Properties Company, likewise a corporation, respecting two leases, along with alleged renewals thereof, covering property in the City of Houston, and dated, respectively, February 21, 1939, and October 24, 1941; it was averred that the leases covered separate parts of a warehouse, known as Leeland Warehouse, that they remained in effect beyond their original expiration date of December 31, 1948, in virtue of such claimed extensions, pursuant to the terms thereof.

Appellee prayed for specific performance of the alleged right to so extend, and, in the alternative, sought recovery of damages in certain amounts, together with incidental relief.

Defendant (appellant), in turn, denied all contentions of appellee, denied the right of appellee to extend, or renew, the leases, pleaded numerous alleged violations of the then existing lease, and failure of appellee to comply with prerequisite conditions of the right, if any, of appellee to extend, or to renew. It alleged numerous violations of the original contracts, precluding any right to extend, or renew, sought judgment establishing and declaring the contract terminated, and recovery of rentals and damages for holding over of the premises, for attorneys' fees, and other general relief.

And, particularly, it declared that a portion of the property herein usually called "the parkway," or "driveway area," or "westerly tract," was unlawfully held by appellee. The pleadings included pleas of the parol evidence rule, and the Statutes of Frauds, and Limitations, against any efforts to reform, or other alleged rights of the appellee.

In their briefs the litigants—rather interchangeably—refer to themselves, and to each other, as "Leeland," or "Appellant," and "Vaughan," or "Appellee," so that lead will be followed here.

This litigation covered the dealings between these parties, the appellant, lessor, being the owner, and the appellee, the lessee of it, being a wholesale dealer in building materials, over a period of many years, during the course of which their transactions were from time to time couched under and were referable to four different and successive leases between them, which appear to be thus correctly described in the appellee's brief upon this appeal, to-wit:

"The first such lease was dated July 23, 1935, and executed on July 24, 1935 covering part of the property involved. The second such lease was dated December 9, 1936, covering part of the property involved, which two leases together covered the same property which was covered by a later third lease. Before the expiration of these two leases, a third lease dated February 21, 1939 was entered into, and was for a primary term beginning January 1, 1939 and ending December 31, 1948, which lease specifically covered the same property covered by the 1935 and 1936 leases. A fourth lease, dated October 24, 1941, was entered into covering a primary term beginning November 15, 1943, and ending December 31, 1948, which covered all of the property involved in this law suit not theretofore covered by prior leases."

Both these third and fourth leases, dated, respectively, February 21, 1939, and October 24, 1941, contained options to extend them for an additional 10 years, as follows: that of the third:

"If the Lessee has complied with all the terms and conditions of this lease, it shall have the right to extend the term of this lease for a period of ten (10) years from date of expiration, of the term hereof at the same rental set forth herein, provided Lessee gives Lessor written notice by United States Registered Mail of its intention to extend the term of this lease at least one (1) year prior to the expiration of the term hereof, and also provided Lessee

79

has not subleased the premises or any part thereof prior to the date of such notice."

that of the fourth:

"As part of the consideration of Lessor entering into this lease, Lessee agrees that if it, the Lessee, exercises its option to extend for a period of ten (10) years the term of that certain lease between Lessor and Lessee herein dated February 21, 1939, which lease covers all the space in this building not covered herein, then the term of this lease shall be extended automatically for a period of ten (10) years at the same rental provided for herein."

As indicated, when appellee, or "Vaughan," sought to exercise its claimed options to extend such leasehold agreements of 1939 and 1941, the appellant, or "Leeland," refused to recognize them on the alleged ground that the appellee had violated its obligations under both such contracts, which had constituted conditions precedent to any survival of such provisions for an option.

The trial court submitted to a jury what it conceived to be the controlling issues of fact raised by the pleadings and evidence before it in the controversy in some 60 questions, literally cross-examining the jury upon the whole body of an enormous amount of testimony in a trial, which had lasted several weeks.

The jury returned a verdict in favor of the appellee upon all the controlling issues of fact so submitted to it, whereupon the trial court entered its judgment, decreeing specific performance in favor of the appellee of its claimed options to extend the leases, further decreeing that such leases had been validly extended, and that the adjacent drive-way areas—above described—were appurtenant to and constituted a part of the premises covered by the lease contracts, and in addition awarding certain sums of money as rental between both parties.

■ On the appeal, this Court is constrained to uphold the determination so made below. It would be supererogatory,

as well as practically impossible, to here review in specific detail the vast body of the testimony so presented to the jury, but in view of the findings of both fact and law contributed to the record by the trial court, in addition to the vast range of the verdict on the controlling issues of fact so found by the jury, it is held that the judgment so rendered was fully supported by the evidence, and that it has not been shown to be contrary to the law as so applied by the trial court to the facts found.

■ In other words, under the quoted terms of the lease contracts here involved, since all the contributory facts were so determined in favor of the lessee, it is thought that the extensions of the leases so found to have been made in this instance, constituted, when made, a then existing demise for the full terms to which the leases might be so extended, rather than merely a privilege of renewal for the extended terms, in accordance with the holding made in the case of Bailey v. Willeke, Tex.Civ.App., 185 S.W.2d 456, affirmed 144 Tex. 157, 189 S.W.2d 477.

■ Under that principle of law, the right the appellee here acquired to so extend the two leases it held on this property under the two respective extension provisions quoted supra, under the holdings of our courts, "becomes in effect a present grant, as of its date, of a right to the use of the land for the entire period, including the extension, and it serves as the evidence required by the statute of frauds. Hill v. Brown, Tex.Civ.App., 225 S.W. 780, 784; Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S.W. 612; 16 R.C.L. p. 885, § 389." Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, 268, 131 S.W.2d 957, and Bridgeman v. Jefferson Amusement Company, Tex.Civ. App., 207 S.W.2d 138, writ refused.

Without undertaking to set them out in detail, it is held that none of the appellant's recited 90 points-of-error presented in its able brief points out reversible error; its major contention therein that the findings of the jury were an insufficient basis for the court's judgment in that they were contrary to the evidence in any degree are all overruled since, as indicated,

this Court finds that no one of them was without sufficient evidence to support it, as the trial court found, and especially is it here held that none of such findings of either court or jury was so against the great weight and preponderance of the evidence as to render them clearly wrong; indeed, upon its over-all reaches, it is determined that this cause, as and when so passed upon by the trial court in its final judgment, had become what our courts have characterized as "Essentially a fact-case."

Wherefore, appellant's contention that "The *verdict* establishes that Appellee violated the leases in the following material respects:" setting out some 7 different instances in which it is asserted that the appellee failed to live up to the provisions of the leases in some seven specified details, such as that it failed to dispose of trash, failed to get written consent before making material additions, etc., were all threshed out before the jury, and were on sufficient evidence determined adversely to appellant's presentments. It, therefore, would be profitless to pursue its tendered argument through many authorities it discusses under that contention. Likewise, its extended "points" complaining of the trial court's refusal to submit issues it requested under its construction of the renewal contracts, which differed from those this Court holds were properly construed by the trial court are each and all specifically overruled. Indeed, upon this whole factual controversy, which, as recited above, was in detail submitted to the jury's arbitrament, the appellee in its brief thus characterizes the greatly extended contentions of the appellant to the contrary as to what the jury did and did not settle by its comprehensive verdict, this: "No indication that Leeland did not consider Vaughan's use of the building in compliance with the leases, or that it considered Vaughan anything else but a good and satisfactory tenant under the terms of the leases was ever communicated to Vaughan prior to Leeland's attempted refusal to honor Vaughan's extension of the leases." The jury specifically found that statement to be true.

Wherefore, to repeat, it would obviously be profitless for this Court to further pursue discussion upon what were and were not the facts, which the jury passed upon, since both it and the trial court have found that none of appellant's objections to any of the material fact findings below was, to say the least of it, in this appellate tribunal, so against the great weight and preponderance of the evidence as to be clearly wrong—which condition alone would bring into operation this Court's power to set it aside. Further discussion is deemed unnecessary, since the stated conclusion—as this Court views it—determines the merits of the appeal.

The trial court's judgment will, therefore, be affirmed.

Affirmed.