**Thelma ERIGAN et al., Appellants,**

v.

**SIRTEX OIL INDUSTRIES, INC.,**
**Appellee.**

No. 4406.

Court of Civil Appeals of Texas.

Waco.

Sept. 2, 1965.

Rehearing Denied Sept. 23, 1965.

John A. Waller, Ralph Graham, Corpus Christi, for appellants.

Pepos Dounson, San Antonio, Perry E. Burkett, Corpus Christi, for appellee.

WILSON, Justice.

Whether a surface lease terminated by nonpayment of rental is the question in this case. The trial court granted appellee's motion for instructed verdict, and rendered a declaratory judgment that it had not terminated. Lessor appeals.

The surface lease contract recited existence of an oil and gas lease, not in evidence, which described the same property. The surface lease provided:

> "The term of this lease shall run concurrently and be coextensive with the life of said oil and gas mining lease, and this surface lease shall be deemed to have terminated when such oil and gas lease terminates under its own terms and limitations, unless lessee ' herein elects to terminate this lease at an earlier date, which it is granted the express right to do."

The annual rental for the first three years was paid in advance. The contract required subsequent $600 payments of annual rental on January 1 "of each year which lessee desires to keep this surface lease in full force and effect." Annual rentals were paid to appellants, the land-owners, for over 15 years. Those due January 1, 1963 were not paid, but were later tendered.

Appellants' position is that the annual payment each January 1st was essential to the continued existence of the lease, and failure to make the payment effected its termination. Appellee contends that some additional affirmative action by lessee evi-

dencing intention to terminate was necessary. Its argument is that the "term" of the surface lease was concurrent with that of the oil and gas lease, which was not shown to have terminated; consequently the surface lease "term" continued.

We are not concerned with the "term" of the surface lease; nor with the rule, relied on by appellee, that the breach of a covenant to pay rent does not ordinarily work a forfeiture. Lessee is afforded an express election or option to terminate the surface lease before its term expires. The question is whether failure to pay rental constituted an exercise of that option under the provision that lessee "shall pay" to lessors $600 for "each year which lessee desires to keep this surface lease in full force and effect."

The last quoted provision constitutes in itself the grant of a yearly option to lessee to continue the surface lease in effect during its maximum term, i. e., the "life" of the oil and gas lease. See 51 C.J.S. Landlord and Tenant § 91; III American Law of Real Property, Sec. 11.17; Thompson, Real Property, (Perm. ed.) Sec. 4569.

The provision as to the "term" of the surface lease, unless sooner terminated at lessee's election, and the provision that lessee is given an option to extend or continue existence of the lease by an annual payment of rent are not inconsistent. The latter agreement is not a mere covenant for payment of rent. The lease is treated as a present demise for the full term to which it may be extended or continued. Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, 268; Leeland Properties Co. v. Geo. C. Vaughan & Sons, Tex.Civ.App., 253 S.W.2d 77, writ ref. n. r. e. See Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, 481.

In our opinion, failure to pay the annual rental under all the lease provisions is a method of exercising lessee's option to terminate, as well as a failure to exercise the option to continue the lease in effect. All portions of the agreement are thus given effect. Upon failure to pay rent as required, the lease terminated. See Hill and Redman, Landlord and Tenant (10th ed.), Sec. 81; Jacobs, Landlord and Tenant (2d ed.) 774; Taylor, Landlord and Tenant (9th ed.) Sec. 332; 1 American Law of Real Property (3d ed.) Sec. 3.86; I Tiffany, Real Property (3d ed.), Sec. 172.

By withdrawal of the case from the jury, other relief sought was not passed upon in the trial court, and under our holding appellant's other points are not reached. The judgment is reversed and the cause remanded.